**BLANKENSHIP et al. v. LITTLE MOTOR KAR CO. et al.** (No. 7735.)

(Court of Civil Appeals of Texas. Dallas. Aug. 4, 1920.)

1. **Mandamus** &#8660;151(1)—**Litigants not necessary parties to mandamus to compel judge to perform duty.**

The various litigants who might be adversely affected by the district judge's approval of a supersedeas bond for an appeal are not necessary parties to an application for mandamus to compel him to fix the amount thereof, where the right to the writ depends on whether the law allowed supersedeas.

2. **Appeal and error** &#8660;458(3)—**On appeal from denial of order to terminate receiver, supersedeas cannot be granted.**

Notwithstanding an order appointing a receiver under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2079, 2101, may be superseded pending an appeal, Vernon's Ann. Civ. St. Supp. 1918, art. 2079a, relating to appeals from orders denying the vacation of receivership does not contemplate a supersedeas, for the denial in such a case is a mere negation, and it would be improper to temporarily terminate a receivership pending an appeal, where it might well be reinstated thereafter.

Original application by the Little Motor Kar Company and others for a writ of mandamus against W. F. Whitehurst, Judge of the Sixty-Eighth Judicial District, to compel him to fix the amount of a supersedeas bond on appeal from an interlocutory order on application for the termination of receivership and the discharge of the receiver appointed in the action of A. R. Blankenship and others against the Little Motor Kar Company and others. Application denied.

Hatcher & Zumwalt and C. F. Greenwood, all of Dallas, for relators.

Thomas, Milam & Touchstone and Allen Wight, all of Dallas, for respondent.

HAMILTON, J. Relators seek a writ of mandamus to be directed against the judge of the Sixty-Eighth district court of Texas, requiring him to fix the amount of a supersedeas bond on appeal from an interlocutory order of said court, entered June 10, 1920, upon an application theretofore made by relators for the termination of a receivership and the discharge of Everett S. Owens as receiver in cause No. 34508, styled "A. R. Blankenship et al. v. Little Motor Kar Co. et al.," then pending in said court. It appears that the receiver was appointed on April 8, 1920, at the instance of the plaintiffs in the case and that the appointment was not resisted by any party to the suit, nor was any appeal taken from the order of appointment.

After the period of 20 days from the date of the appointment of the receiver, within which the statutes of Texas provide such appeals may be perfected, the relators came into the case in the lower court by petition in intervention. They thereupon filed a motion to discharge the receiver and terminate the receivership. Not only had the statutory period allowed for appeal from the order appointing the receiver expired before the intervention, the sole purpose of which seems to have been to make an end of the receivership and have the possession and control of the property put into the interveners; but the record presented in this court in connection with the application for the writ discloses that the receiver is actively engaged in administering the property under the court's orders.

Respondent has appeared for the purpose of contesting relator's application, and first of all files a motion to abate the application, contending that numerous parties to the suit out of which the controversy before us arises are necessary and proper parties to the proceeding involved in the determination of the application for writ of mandamus.

[1] We do not concur in this position, and accordingly overrule the motion to abate, preliminary to expressing our views upon the application itself. We are unable to perceive any soundness in respondent's contention, embodied in the motion to abate, because the application presents only the question of ascertaining whether or not the judge of the district court has refused to do an official act involving only official power and duty arbitrarily laid upon him by law, and the performance of which, if it be so required, could in no way comprehend the impairment of any legal right, which might be asserted to circumvent such legal requirement. Where application for a writ of mandamus is sought to compel a trial judge to do what is alleged to be a duty mandatorily enjoined upon him by law, and as to which, if it thus exists, he could have no discretion, a case of that nature, which has been held to require parties litigant adverse to the relator to be brought into the proceeding, is not presented.

The proceeding here invokes only a question of absolute and rigid inherent duty of the judge to follow an unalterably fixed and prescribed official course, excluding the exercise of discretion, and the writ, if granted, could run only against him. The writ is sought only on the ground that he is under the clear legal requirement, incidental to the appeal, to fix the amount of the supersedeas bond, so that relators may exercise a defined legal right, also incidental to the appeal, by executing such bond, regardless of the merits of the appeal itself and of the rights of the parties in relation to the subject-matter of the controversy. The proper parties, we think, are before the court.

[2] Since there appear to be no decisions disposing of the exact question raised, which is statutory, we are unable to declare the rights of the parties upon the basis of any adjudicated authority disposing of the precise situation presented, or upon any such authority which incidentally considers the one question offered for determination, which is this: Have relators the clear right, by giving a supersedeas bond on appeal, to suspend and temporarily terminate the receivership, pending the appeal from the interlocutory order of the district judge refusing to terminate it? If they have this right, it is an abstract statutory one, existing under the terms of article 2079a, providing for appeals from interlocutory orders refusing to vacate receiverships, and article 2101, providing for supersedeas bonds on appeal; and if such right exists it is absolute, and in no wise dependent upon the discretion of the court or upon the merits of the appeal. Accordingly, if the relators possess such right, it follows that the district judge is under the duty to designate such amount of the supersedeas bond as his sound discretion may dictate, so that relators, in the lawful pursuit of that right, may come into the exercise of it by executing and filing the supersedeas bond so fixed.

Article 2079a of the Revised Civil Statutes of Texas provides for appeals from interlocutory orders of district judges refusing to vacate receiverships upon application of interested parties. That article reads as follows:

"An appeal shall lie from an interlocutory order of the district court overruling a motion to vacate an order appointing a receiver or trustee in any case, provided such appeal be taken within twenty days from the entry of such order appealed from. An appeal in such cases shall take precedence in the appellate court; but the proceedings in other respects in the court shall not be stayed during the pendency of the appeal, unless otherwise ordered by the appellate court."

The appeal from the order of the district judge refusing to terminate the receivership is based upon the authority of this provision of the statutes, and the assertion of the right to supersede the order of the trial court and suspend the receivership by executing a supersedeas bond arises from application of article 2101 of the Revised Civil Statutes, and construction of article 2079a in the light of the significance of article 2101. It is contended by relators that the decisions of our courts holding that on appeal from an order appointing a receiver the supersedeas bond provided for by article 2101 may be filed and the order of appointment suspended during the appeal are applicable and controlling in the matter here presented, and that accordingly we are bound to extend and apply the effect of those decisions to the instant case.

In considering the application we proceed on the assumption that the appeal is from an order overruling a motion to vacate the order appointing the receiver. We deem it unnecessary to a disposition of the application to give any consideration to respondent's contention that the order appealed from is not an order overruling a motion to vacate the order appointing the receiver, but is rather an order overruling a motion to discharge a receiver and terminate a receivership. While it is settled by the decisions of this state that on appeal under the provisions of article 2079 of the Revised Civil Statutes a supersedeas bond may be filed, and the order of appointment thereby rendered inoperative pending appeal, and while article 2079a providing for appeals from interlocutory orders of district courts overruling motions to vacate receiverships is embodied in the same language as article 2079, we think article 2079a does not contemplate the suspension of the receivership, and in effect the removal of the receiver, pending the appeal, which is the result sought to be obtained by relators in this proceeding. To hold that the property might be taken from the receiver and placed in the possession and control of the relators upon their filing a supersedeas bond, and

without considering the merits of the controversy, would be to lay down the insupportable rule that a litigant could in all cases, at any stage, suspend a receivership at will, remove the receiver pending appeal, and deprive the court of custody and control of the property, regardless of the merits of the appeal, or of the necessity, however imperative, of continuous administration and conservation of the estate under the immediate direction of the court. We are not willing to give the statute an effect so full of potential harm, by construing it to embrace a purpose we think was never intended.

The order of the court of which relators complain, however much erroneous it might appear to be, was in its nature a mere negative one. Its effect was not to disturb in any way the existing relations of the respective parties to the property in the custody of the court, undergoing administration by the court through the instrumentality of a receiver. The order left the parties where they previously were. It left the property where it was, and where it does not appear to have been improvidently or wrongfully placed. Whatever rights relators had before the order overruling their motion was entered remained undisturbed by the order. This is not true of an order appointing a receiver. Such order is a positive act of aggression by the court, transferring possession, control, and management from those theretofore exercising these attributes of ownership into new and different hands, and materially modifying all the other rights of the parties as to the property itself. It is an act which comprehends the expropriation of property and the assumption of its legal title, to the exclusion of all claimants and without regard to their will.

The soundness of those decisions construing article 2079 to contemplate holding in abeyance an appointment of a receiver pending appeal by giving a supersedeas bond is not to be questioned, when the harsh nature and immediate effect of the order is considered. But we do not think a sound construction of article 2079a, providing for appeal from an order which in our view is so different in its nature and effect, can admit application of the interpretation given article 2079 in its relation to article 2101, providing for supersedeas bond on appeal. The attitude of relators toward the property, custody of which they seek to take from the receiver pending appeal, seems to us to be analogous to that of a plaintiff toward property or a sum of money as to which the judgment is for the defendant.

We cannot yield to the views urged in behalf of relators, and are constrained to hold that to grant the writ would be to give an effect to the statute which its language does not import and which was never intended.

It is accordingly ordered that the application be denied.