## WILLIAMSON v. JOHNSON COUNTY et al. (No. 6744.)

.(Court of Civil Appeals of Texas. San Antonio. May 31, 1922.)

Waters and water courses ⬳177(1)—Bill failing to show irreparable injury by construction of ditch presents no case for injunction.

Where a petition for injunction alleged that an adjoining property owner had constructed a ditch which was not of sufficient depth to carry water, and that water backed up on plaintiff's land, and no complaint was made of the construction of the ditch, but merely of its depth, and that the county authorities had built the roadbed south of plaintiff's land higher than it was before and opened a ditch, and that plaintiff would be injured by such improvement, all of which allegations were fully denied by defendants, the facts stated showing that plaintiff would not be injured by the work being done by the county, and the bill failing to show permanent or irreparable injury, no case for injunction was stated.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action for injunction by B. H. Williamson against Johnson County and others. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

FLY, C. J. This is an appeal from an interlocutory order of the district court dissolving a temporary injunction theretofore granted by it. Under a misapprehension, the cause was dismissed for want of prosecution, as nothing had been filed except the transcript of the record. The law provides that it shall not be necessary to brief such cases on appeal, and behind that shield appellant has entrenched himself and declined to aid the appellate court in the investigation of his case. The order of dismissal is set aside, and this court has considered the case on the bill and answer.

This suit was filed by appellant to restrain the commissioners' court, the county attorney, contractors and their employés, and W. M. Hickman from opening a ditch west of the north entrance or mouth of a culvert across

what is known as the Cleburne and Glen Rose public road—   .

"or in any way or manner opening said ditch west of the north entrance or mouth of said culvert, or in any way or manner removing or tearing out said bay [levee?] west of the north entrance to said culvert, thereby confining said water to its natural and proper flow under said culvert, and to restrain the defendants H. R. Keith and B. G. Prestridge from fining [filing?] any kind of criminal proceedings or prosecution against him for constructing or maintaining said levy [levee?], and restraining them from accepting or receiving from any one any complaint against him, or from prosecuting in any court in this county a case against him therefor, and that upon final hearing of this case, that said temporary injunction be made permanent."

It might be surmised from the prayer that appellant was as much concerned about probable complaints against him for violations of law as about the ditch and levee. The court dissolved a temporary restraining order and refused to restrain the parties of whom complaint was made; the reason given in the judgment being that appellant has an adequate remedy at law.

It was alleged in the petition that appellant owned a farm and tract of land lying north of the Cleburne and Glen Rose road, along a border of 900 yards; that east of the land is 60 acres belonging to W. M. Hickman, lying along the road; that there is a natural drain from the Hickman land in which surface water from a large area is collected and passes off in a southwesterly direction over the southeast corner of appellant's land; that the road is an old one and is crossed by said drain south of appellant's land and through a culvert to the south emptying into Robinson's branch, and appellant had built a dirt embankment so as to force the water into the culvert, which was its natural channel; that Hickman, for the purpose of changing the channel, constructed a ditch leading westward down his south line and then southward back to the original channel, which ditch was not of sufficient depth to carry the water and it was backed up on appellant's land. This it seems was the "height and front" of Hickman's offending, and presents no ground for an injunction. No complaint is made of the construction of the ditch, but merely of its depth, and the allegations present a case for damages, if they present reasons for any action.

It was further alleged that the county authorities were working on the public road and had built the roadbed higher than it was before, and opened a ditch and had cut down to the bottom of the concrete culvert and drain way and ditch leading into same from the east along appellant's south line, cutting away appellant's levee or embankment, and

it is quite verbosely, if not clearly, stated that appellant will be injured by such improvement of the road by water being impounded under the culvert and overflowing appellant's land. All the allegations are fully and specifically denied by the appellees, and facts set forth showing that appellant would not be injured by the work being done by the county, and that appellant has sought and now desires to divert the flow of waters from their natural channels, causing great injury to the public road and overflow of land south of the same. The cause was tried on bill and answer, and the court could exercise its discretion from the allegations in passing upon the application for injunction. There was no denial of the facts alleged in the answers. Joyce on Inj., § 307.

The amended bill fails to show permanent or irreparable injury and does not present a case for injunction. The appellees are not shown to be insolvent, and appellant would have an adequate legal remedy in a suit for damages. The exceptions to the bill were properly sustained.

The judgment is affirmed.