## MAGNOLIA PETROLEUM COMPANY v. HONORABLE JAMES W. McCLENDON, CHIEF JUSTICE, ET AL.

Motion No. 11,046.  Decided November 22, 1933.
(65 S. W., 2d Series, 484.)

*Dan Moody,* of Austin, for relator.

PER CURIAM.—Relator's motion for permission to file petition for the issuance of a writ of mandamus is refused for the reasons hereinafter stated. The Railroad Commission of Texas entered an order refusing to issue to respondent Blankenship a permit to drill an oil and gas well on a tract containing approximately one-half of an acre of land in Gregg County. In a suit filed by Blankenship in the District Court of Travis County in the nature of an appeal from said order, and in which relator intervened on account of its ownership of an oil and gas lease on adjoining land, judgment was rendered annulling the order of the Railroad Commission and granting to Blankenship the right to drill an oil and gas well at approximately the center of the one-half acre tract, enjoining the Railroad Commission from interfering with the drilling of the well, and adjudging that Magnolia Petroleum Company take nothing by reason of its intervention. Magnolia Petroleum Company gave notice of appeal and promptly filed an appeal bond, and filed a transcript of the record in the Court of Civil Appeals. Relator, after seeking unsuccessfully, first from the trial court, and then from the Court of Civil Appeals, an order staying the operation of the injunction granted, until the case could be heard and decided on appeal, made application to the trial court for an order fixing the amount of a supersedeas bond which it might enter into and file in order to suspend the judgment. The trial court refused to fix the amount of such supersedeas bond on the ground that the appeal had been perfected and the case was pending in the Court of Civil Appeals. Thereafter relator presented to the Court of Civil Appeals, with motion for permission to file the same, a petition for writ of mandamus against the trial judge to compel him to fix the amount of a supersedeas bond, and permission to file such petition was refused.

■ In the petition presented to this Court for filing, relator, in addition to other relief sought, prays for the issuance of a writ of mandamus to compel the respondent, the District Judge, to fix the amount of a supersedeas bond. We are of the opinion that the judgment of the District Court was one which may be suspended pending the appeal by the filing of a supersedeas bond, that it was the duty of the District Judge to fix a supersedeas bond in a reasonable amount, and that he should have fixed the amount of the bond upon relator's request. R. C. S., 1925, Articles 2249, 2270, 2275; Houtchens v. Mercer, 119 Texas, 431, 29 S. W. (2d) 1031; Yett v. Cook, 115 Texas, 175, 268 S. W., 715, 281 S. W., 843.

■ The right to suspend a judgment by the filing of a supersedeas bond in the trial court exists although an appeal bond and a transcript have already been filed. R. C. S., 1925, Articles 2270, 2275; Lingwiler v. Anderson (Civ. App.), 270 S. W., 1052; Allen v. Kitchen (Civ. App.), 156 S. W., 331. The supersedeas bond in such case is filed to stay the trial court's judgment or to suspend its execution pending the decision of the case which has been appealed.

In relator's petition it is alleged that respondent Blankenship is now engaged in drilling an oil and gas well on the one-half acre tract, and that he may reasonably be expected to complete the same as a producing well in not exceeding five days. It is apparent, therefore, that if the petition for mandamus were filed without the granting of other relief pending the hearing and decision in this proceeding, the writ requiring the District Judge to fix the amount of a supersedeas bond, if and when issued, would be unavailing and useless, as the thing permitted to be done by the judgment of the District Court which relator seeks to suspend by supersedeas bond, namely, the drilling and completion of an oil and gas well, would have been accomplished.

■ Relator in his petition for mandamus prays for the issuance of an injunction compelling and requiring respondent Blankenship to suspend the further drilling of the well pending the final decision of this Court in this proceeding and in the appealed case. The petition, however, does not allege sufficient facts to show that relator is entitled to such injunction. There is no showing, as is required by Article 4644, R. S., 1925, that respondent Blankenship is unable to respond in damages. Furthermore, the petition does not set out facts indicating that relator will suffer irreparable injury by the drilling and completion of the well or facts showing whether or not

relator may have adequate relief in the drilling of an offset well or other adequate relief than injunction. To warrant the issuance of injunction, the petition should allege the detailed facts as to the nature and extent of the injury that would be suffered by relator and as to such other relief. There are, it is true, in the petition in intervention filed in the District Court, a copy of which is attached as an exhibit to the petition for mandamus, allegations with reference to injury and want of adequate relief, but such allegations are general in their nature, many of them but conclusions, and further, they are not a part of the allegations of the petition verified by the affidavit of the relator upon which it seeks the relief prayed for.

Permission to file the petition for writ of mandamus to compel the trial judge to fix the amount of supersedeas bond is refused, therefore, because the facts alleged in the petition are insufficient for the issuance of injunction to prevent the further drilling of the well pending the decision in this proceeding, and because without the issuance of such injunction a decision awarding the writ of mandamus would be futile and ineffective.

Refusal of permission to file the petition is without prejudice to the right of relator again to request the trial judge to fix the amount of a supersedeas bond, and in the event of his refusal to do so, to present for filing another petition for writ of mandamus and injunction containing proper averments as herein indicated.