## GULF PRODUCTION CO. v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8368.

Court of Civil Appeals of Texas. Austin.
June 17, 1935.

**BAUGH, Justice.**

Appeal is from a judgment of the trial court sustaining appellees' general demurrer to appellant's petition, and, upon refusal of appellant to amend, dismissing its suit.

Appellant brought this suit in the nature of an appeal from an order of the Railroad Commission of Texas granting to J. C. Tippett a permit to drill a third well in Gregg county, Tex., in the East Texas oil field, on a strip of land 175 feet wide and 1187.5 feet long, containing approximately 4½ acres, on which he already had two producing wells; and to enjoin the drilling and operation of said third well. The strip in question had been recovered by the state as vacant land, and leased to Tippett by the Commissioner of the General Land Office. Appellant owned a 60-acre lease to the south of and adjoining said strip its entire length.

The order of the Commission was attacked as being arbitrary, unreasonable, and capricious, in that the drilling of said well would be in violation of rule 37 and of the conservation laws; that it was not necessary as an offset, nor to prevent confiscation of property; that it would create undue drainage of appellant's lease and cause waste; that the two wells already drilled by Tippett on said tract would enable him to recover all the oil beneath his tract; that said third well would give him more oil than he was entitled to; that it would unduly drain and greatly damage appellant's lands for which it had no adequate remedy at law; and that, if drilled, forced offsets would be required causing a density of drilling in that area, which would create waste in violation of the conservation laws.

A temporary restraining order was granted by the trial court, pending a hearing upon appellant's application for a temporary injunction, upon which hearing such injunction was refused, the general demurrers to appellant's petition sustained, and the case dismissed as above stated; hence this appeal.

Application was made in this court by appellant for a temporary injunction pending a hearing upon the merits of the appeal, and at the hearing thereon counsel for all parties appeared and agreed to the submission of this case upon its merits; and counsel for appellee Tippett in open court confessed error of the trial court in dismissing the entire suit, waived the filing of a motion for a rehearing herein, and agreed that the cause be reversed and remanded to the trial court immediately because of the error committed.

Under the holdings of the Supreme Court in Town of Refugio v. Strauch, 29 S. W.(2d) 1041, and Magnolia Pet. Co. v. Mc-Clendon, 123 Tex. 10, 65 S.W.(2d) 484, the trial court was justified in refusing appellant the temporary injunction prayed for against Tippett, for the reason that appellant nowhere in its petition alleged that Tippett was insolvent. See article 4644, R. S. But the injunction asked for to restrain the drilling of said well did not constitute appellant's whole cause of action. Its attack upon the validity of the Commission's order granting said permit on the grounds alleged still remained. The jurisdiction of the court over the validity of said order having attached, the completion of the well would not render moot the issue of the validity of said order. That issue, being the major question involved in the suit, still remained to be litigated. Brown v. Humble Oil & Ref. Co. (Tex. Sup.) 83 S.W.(2d) 935; Humble Oil & Ref. Co. v. R. R. Com. (Tex. Com. App.) 68 S.W.(2d) 622, 624. If, after a hearing upon the merits, the trial court determines that the permit granted is invalid, the operation of said well can be prohibited, even though it has been completed in the meantime. It follows, therefore, that the trial court erred in dismissing the suit.

Counsel for appellee Tippett having confessed error in this respect, waived the filing of a motion for rehearing herein, and agreed to an immediate reversal of the trial court's judgment dismissing said suit, it is the order of this court that the judgment of the trial court dismissing the case be reversed and remanded, with instructions to the trial court to reinstate same upon the docket of said court for trial in its proper order; and that the clerk of this court issue the mandate herein forthwith upon payment of costs.

Reversed and remanded, with instructions.