**WEAVER v. HUMPHREY et al.**

No. 1643.

Court of Civil Appeals of Texas. Eastland.

May 22, 1936.

W. T. Williams and Chastain & Hazel, all of Kilgore, for appellant.

Mayfield & Grisham, of Tyler, for appellees.

GRISSOM, Justice.

Apperson sued Weaver and Humphrey for an accounting, alleging that said plaintiff and defendants were partners in the Kil-Tex Reclamation Plant; that plaintiff had been ousted from control of and all connection with said plant, its assets and income; that said defendants were permitting the plant to deteriorate and become worthless, and that as a result thereof plaintiff was about to lose his investment in the plant; wherefore, he prayed for the appointment of a receiver.

The court entered its order appointing a receiver, reciting that the parties mentioned, as well as the intervener, "Kil-Tex Reclamation Plant, Inc.," had each asked that a receiver be appointed. (The plea of intervention of "Kil-Tex Reclamation Plant, Inc.," is not found in the record.) The court ordered the property sold by the receiver, and it was sold. The court duly approved the sale by the receiver of the assets of the plant to J. R. Tolbert for $1,000.

Appellant Weaver filed his motion praying that the former orders of the court be set aside; that the receiver's sale be declared void, and for a temporary restraining order against Humphrey and Tolbert restraining them from interfering with Weaver, in the control and possession of his part of the property, etc. (No restraining order is found in the record. Tolbert is not shown to have ever been made a party to the suit.)

Williams intervened, alleging that he had purchased the interest of plaintiff Apperson. He asked that the receiver's sale be set aside and charged that certain personal property sold by the receiver to Tolbert belonged to him and W. A. Brown. French and Stegall intervened, claiming certain property sold by the receiver and prayed that the sale be set aside. Caldwell intervened, claiming to own one-half interest in the Reclamation Plant, and prayed that the receiver's sale be set aside.

On October 14, 1935, the court entered its judgment reciting that all parties appeared, announced ready for trial, and a jury being waived, the court heard evidence "offered upon each of the issues hereinbefore mentioned." The court then entered its order decreeing that "the intervener Kil-Tex Reclamation Plant, Inc., a corporation, and Fred Humphrey, one of the defendants herein, do have and recover of and from the plaintiff J. B. Apperson, and the defendant Russell W. Weaver, and the interveners (naming all interveners) judgment dissolving and vacating said temporary injunction heretofore entered in this cause on the 21st day of September, 1935." (No temporary injunction is found in the record.) No temporary injunction was prayed for. We cannot know just what injunction was dissolved. We cannot know whether this recital has reference to a restraining order or injunction issued in response to the prayer of the appellant for a restraining order. This cause was advanced in this court upon the theory that it was an appeal from an order dissolving a temporary injunction. It is obvious that we are not in position to pass upon any proposition with reference to the injunction in this condition of the record. The judgment recites that the Kil-Tex Reclamation Plant is a corporation. The court overruled each of the motions to vacate the orders of the court directing the receiver to sell the property and the order confirming the receiver's sale, decreed that the interveners take nothing, and specifically denied all relief prayed for by appellant Weaver and by the plaintiff Apperson and reconfirmed the receiver's sale.

Weaver alone has appealed. No statement of facts or brief for appellant has been filed. The transcript is evidently incomplete. On May 15, 1936, appellant filed in this court his "Assignments of Error and Propositions" suggesting fundamental error. See 3 Tex.Jur. § 574, p. 815, et seq.

■ The caption shows the proceedings took place during vacation. We must presume they were in accord with the provisions of article 1915, R.S.1925.

■ We have carefully studied the record presented, and no fundamental error appearing, the judgment is affirmed.