## WEAVER v. HUMPHREY.

### No. 1643.

Court of Civil Appeals of Texas. Eastland.

Feb. 26, 1938.

610

Chastain, Hazel & Mayfield and W. T. Williams, all of Kilgore, Tex., for appellant.

Mayfield & Grisham, of Tyler, Tex., for appellee.

PER CURIAM.

The above-entitled and numbered cause heretofore pending in this court was disposed of by this court in an opinion handed down May 22, 1936. 95 S.W.2d 720. The judgment of the trial court was in all things affirmed as per that opinion, and judgment then entered. The costs by reason of the appeal, as well as the costs incurred in the trial court, were adjudged as per that opinion against the appellant and the sureties on his supersedeas bond, one of whom was C. H. Murray, the proponent of the motion now being passed on. Said judgment as originally recorded on May 22, 1936, adjudged the costs in this language: "It is further ordered that all costs incurred by reason of this appeal be and the same are hereby taxed against the appellant, Russell W. Weaver, as principal, C. H. Murray and J. B. Apperson, sureties on his supersedeas bond, for which let execution issue, and that this decision be certified below for observance."

By reason of the disposition of said appeal and the statute pertaining to the adjudication of the costs in such cases, this court, in fact, adjudicated that all costs incurred in this and the trial court be taxed against the appellant, Russell W. Weaver, as principal, C. H. Murray and J. B. Apperson, sureties on his supersedeas bond, and in recording said judgment of this court its decree was expressed in the language quoted above.

At the time said judgment was recorded, it was believed then, and so believed now, by this court that a proper construction of the judgment and especially the language above quoted necessarily reflected an adjudication of the costs of appeal and of the trial court against said principal and his sureties. Recently a question has been raised as to the sufficiency of said judgment as originally recorded to evidence an adjudication by this court of the costs incurred in this and the trial court against said appellant and his sureties, and in that connection the contention is also made that this court did not in rendering said original judgment adjudicate the costs of "the trial court" against said appellant and his sureties. Thereupon, in view of the questions raised and by reason of the fact that it did originally adjudge the costs incurred in this and the trial court against said parties, this court, deeming it necessary and expedient to make its judgment record speak correctly and accurately (if it does not already do so) the judgment originally rendered, did on February 11, 1938, of its own motion, after notice to the parties hereto, re-record said judgment, making it to conform to the facts of its rendition. In re-recording said judgment, the record of same was in no respect altered except that there was included in the sentence stating the adjudication of the costs against the appellant and his sureties the words, viz., "and the trial court." With these words added, the tenor, substance, and effect of the original judgment remains the same and a clerical error or inaccurate statement (if any there be) in the original judgment has thereby been corrected in the records of this court. In so doing, this court has acted in obedience to the rules of law stated in 25 Tex.Jur. p. 528, § 134, as follows:

"The court, either of its own motion or on application of a party, may correct or amend a judgment after the expiration of the term at which it was obtained, when, through mistake or clerical error, the record does not speak fully or truly as to the judgment actually rendered; possessing inherent power over its record the court may make the entry for the sake of verity and in order to prevent injustice. * * *

"The court has authority in this respect, not by reason of continued jurisdiction over the subject matter, but by virtue of continuing power over its records. In this sense a case is regarded as pending until the judgment rendered is correctly recorded. It is the right of the parties to have a correct record and they are under no necessity of instituting an independent suit to obtain it.

"Attention is again directed to the fact that (this) authority is exercised merely for the purpose of making the record speak the truth, and not of revising or changing the judgment, or of correcting an error of law."

The text is abundantly supported by authorities, and they will not be cited here.

For the reasons assigned, the motion filed herein February 26, 1938, for rehearing taking exception to the above action of this court is in all things overruled.