### TEXAS NAT. BANK OF BEAUMONT v. MOORE.

### No. 3430.

Court of Civil Appeals of Texas. Beaumont.

July 7, 1938.

Nall & Weller, of Beaumont, for appellant.

John Land, of Beaumont, for appellee.

PER CURIAM.

On February 4, 1935, in cause No. 10,-698, the Texas National Bank of Beaumont v. Mrs. E. F. and W. T. Moore, on the docket of the county court of Jefferson County at law, judgment by default was rendered in favor of plaintiff for $228.27 against the defendants. Under execution duly issued in that case the sheriff of Jefferson County levied upon all the right, title, and interest of W. T. Moore in two certain tracts of land in Jefferson County. On the 14th day of May, 1938, on the ex parte application of W. T. Moore, complaining of the Texas National Bank, and others, addressed to the county court of Jefferson County at law, the judge of that court granted the relator a temporary injunction against respondents, restraining the further execution of the judgment as described above.

The point made by relator against the judgment is that on the face of the record "valid and legal return of the citation in said cause No. 10,698" was not had upon him and his codefendant. There was no allegation that due service, in fact, was not made upon him and his codefendant; the allegation was simply that, on the face of the record, due service was not shown. Relator does not make the point that he and his codefendant, or either of them, had a good defense against the cause of action plead against them in cause No. 10,698 by relator, the Texas National Bank, nor does he allege that he and his codefendant did not know that the judgment had been entered against them within such time that they could have filed a motion for new trial, nor do they plead any excuse for failing to file a motion for a new trial, nor do they offer any excuse for their failure to prosecute an appeal from the judgment as rendered against them on default. On the facts stated, the judge of the lower court erred in granting a temporary injunction. Allen v. Trentman, Tex.Civ.App., 115 S.W.2d 1177.

The judgment of the lower court is reversed and the injunction dissolved.