**CASHION et al. v. CASHION.**
No. 2979.

Court of Civil Appeals of Texas. Waco.
May 3, 1951.

T. Wesley Hook, Alvarado, for appellants.

H. Miller McPherson, Cleburne, for appellee.

LESTER, Chief Justice.

Mrs. Eddie Cashion filed suit in the District Court of Johnson County to partition a farm consisting of 95½ acres. The defendants in said suit were Chester Cashion and others. The court found that the land was incapable of being partitioned in kind, fixed the interests of the respective parties therein, appointed a receiver and ordered him to sell said property, divide the proceeds and report to the court. The appellants excepted and gave notice of appeal and deposited with the clerk the sum of $150.00 in lieu of an appeal bond, and filed the transcript in this court on April 2, 1951.

On April 12th the appellants filed in this court an application for an injunction seeking to restrain the receiver from selling said property and dividing the proceeds as ordered by the court. Appellants say in their petition that such sale and disposition of said proceeds should not be consummated until after this court has passed upon the case for the following reasons:

"(1) After the judgment of this court, the shares of the respective owners of said farm may be enlarged or diminished; and after such sale and division by the receiver, if appellants' shares were enlarged they would have only judgments and some of the judgment debtors are execution proof; or would be then execution proof.

"(2) Such sale and distribution now would deprive this court of power to render a judgment herein that would be effective.

"(3) No reason for such hurried sale has been alleged or shown.

"(4) The farm itself, remaining intact, is as effective to protect appellee as a supersedeas bond would be; and she is protected from loss of the use of revenue from the farm because she now has all the use of, and revenue from, the farm.

"(5) The uncertainty of the validity of such attempted sale now is likely to cause timidity in the bids and in the amount thereof; thereby lessening the amounts of money these appellants and other shareholders would receive."

Appellants, in their oral argument before this court and in their brief on file herein, advance three propositions why the injunction should be issued, as follows:

"(1) While this case is pending here no other court has jurisdiction over the case or the subject matter thereof.

"(2) In this case, which is not for a money judgment with provision for issuance of execution as covered by Rule 357, but for partition of a farm of which the appellee has the entire use, no supersedeas bond is required by law.

"(3) If the receiver proceeds to sell the farm and divide the proceeds, as directed by the judgment appealed from, the review by this court of that judgment would be idle."

And also say that the judgment is self-executing and therefore no supersedeas bond can be required.

■ If appellants desire to suspend the judgment pending appeal they should proceed under Rule 364, Sec. (e), Texas Rules of Civil Procedure, and not by way of injunction.

■ The right to suspend a judgment by filing supersedeas bond in the trial court exists though appeal bond and transcript have already been filed in the Court of Civil Appeals and such filing does not diminish the power and duty of the trial court to fix the amount of a supersedeas bond in cases of this character if and when requested to do so, but the appellants concede that no request in this respect has ever been made

744

of the court below. Magnolia Petroleum Co. v. McClendon, 123 Tex. 10, 65 S.W.2d 484; Ferguson v. Ferguson et al., Tex.Civ. App., 69 S.W.2d 592.

The fact that the judgment is not for money or for the recovery of land, but a partition suit, and the further reason advanced by appellants that the appellee is in possession of the farm, receiving the rents and revenues thereof, would not exempt them from executing a supersedeas bond in order to suspend the judgment appealed from; and this applies to any class of judgments, those that do not require the issuance of process to enforce them as well as those that do so require. Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103, point 5. T.R.C.P.

Rule 770, relating to property incapable of division, provides: "Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution or by private * * * sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests."

Appellee concedes that no distribution of the proceeds of the sale should be made until after final disposition of the case.

The application is refused.