**NOLEN et al. v. NELSON et al.**

No. 3133.

Court of Civil Appeals of Texas.

Waco.

Oct. 22, 1953.

Rehearing Denied Nov. 19, 1953.

T. Wesley Hook, Alvarado, for appellants.

H. M. McPherson, Cleburne, for appellees.

TIREY, Justice.

This is the third time the subject matter of this cause has been before this court.

In the first cause we permitted appellants to file in this court application for injunction (original proceeding) seeking to restrain the receiver in a partition suit from selling property involved in the suit and dividing the proceeds as ordered by the court. The opinion is reported in Cashion v. Cashion, Tex.Civ.App., 239 S.W.2d 742, and reference is here made to the opinion for statement of the matters there decided. The application for injunction was refused (no writ history). Thereafter, the receiver sold the property on June 9, 1951 for $8,-600 in cash, which sale was duly confirmed by the trial court and the proceeds are held in the registry of the court pursuant to order of distribution entered by the court. The second appeal is reported in 242 S.W. 2d 468, writ ref., and reference is made to the opinion for a comprehensive statement of the cause of action asserted by the appellants, as well as the disposition made thereof.

The mandate duly issued after the case was disposed of on the second appeal and was filed with the District Clerk of Johnson County on January 19, 1952. On January 3, 1953, Mrs. Ozella Nelson, guardian of the person and estate of Mrs. Eddie Cashion, plaintiff in the original cause, filed her motion requesting the court to correct its order of disbursement theretofore entered by the court on November 7, 1950. In this motion she set out specifically the reasons why said order should be corrected and specifically set out how the shares should be allotted to each of the parties, both plaintiffs and defendant. On January 12, 1953, the appellants here filed what they have designated as the "claim of Cliff Nolen, Grizzard Nolen, Harvey Nolen, Wanda Vandiver and husband Wayne Vandiver, and Hazel Jo Bond and husband J. B. Bond" and they aver that they have a claim against the estate of R. L. Cashion, deceased. This pleading consists of approximately six pages of legal cap paper and they aver in effect that the claim is for labor and services rendered R. L. Cashion, beginning in 1892 and continuing for many years thereafter. This pleading in effect repleads the facts and circumstances by which the appellants sought to establish a lost will of R. L. Cashion, deceased, which will they claimed had been lost or mislaid and which was set out in the opinion of this court on the second appeal. In support of their claim they tendered the testimony of R. A. Cashion, given by deposition on written interrogatories, which testimony was set out and discussed by this court on the second appeal. The trial court permitted the appellants to have a jury, but at the conclusion of the testimony the court granted appellee's motion for instructed verdict, and pursuant to the instructions of the court the jury found "for plaintiff for division of the funds in accordance with

the laws of inheritance and against claimants, Cliff Nolen, Grizzard Nolen, Harvey Nolen, Wanda Vandiver and Hazel Jo Bond on their claim." The decree entered by the court is in accord with this verdict.

We are in accord with the view of the trial court. The pleadings on which the appellants relied to assert a claim against R. L. Cashion, deceased, failed to tender a justiciable issue. Our Supreme Court in A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, point 3, said in effect that a cause of action is a fact or facts entitling one to institute and maintain an action which must be alleged and proved in order to obtain relief. See cases collated under 2 Tex.Dig., Actions, Since the evidence tendered here is the same as that discussed by this court on the second appeal, and since we there held that the evidence tendered was without probative force to establish a lost will, and further that such testimony was lacking in probative force to impress such property with a testamentary trust, it is our further view that such testimony is lacking in probative force to impress any claim whatsoever against the estate of R. L. Cashion, deceased. Needless for us to say that it is our view that the opinion by Justice Hale in the foregoing case is conclusive on the claim here asserted and it is binding on us. In Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 245, points 1 and 2, our Supreme Court said:

"Where parties have had the opportunity of litigating certain issues, and a final judgment is entered in said cause adjudicating those issues, it is not the policy of the law to permit a relitigation of such questions. The rule is now well settled that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject-matter. It is also equally well settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, creates an estoppel by judg-

ment against relitigation of the same issue."

Again, in Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W. 2d 216, at page 220, our Supreme Court made this statement of the rule:

"* * * the rule being that the judgment is conclusive on every other matter on which the parties might have litigated and had decided as incident to or essentially connected with the subject matter of the litigation."

See cases collated in 24 Tex.Dig., Judgment, The foregoing rule is applicable to the factual situation here.

Being of this view, each of appellants' six points is overruled, and the judgment of the trial court is affirmed.