**Talton W. HUGHES et ux., Relators,**

v.

**Honorable W. L. (Jack) THORNTON and T. A. Vines, Constable, Respondents.**

**No. 15534.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 25, 1958.

---

Clair F. Achenbach, Dallas, for relators.

Frank Cusack and Barton E. Bernstein, Dallas, Hubert D. Wills, Grand Prairie, for respondents.

PER CURIAM.

Appellants have duly filed cost bond (cash) for appeal of this cause; upon application, the trial court setting supersedeas bond in amount of $15,000 pursuant to Rule 364(a), Texas Rules of Civil Procedure, which these complaining parties have been unable to make. They now apply for permission to avail themselves of the provisions of Rule 364(c) by way of supersedeas bond to be fixed by the trial court at "not less than the rents and hire of said real estate."

The property in suit has already been sold, following order of sale contained in said final judgment, and appellants tacitly admit that the statement of facts is devoid of testimony on which the amount of said rents and hire may be fixed. Furthermore, a statement of facts and transcript are on file, but in our opinion, appellants should have opportunity to comply with provisions of Rule 364(c), even at this juncture for whatever benefit may be afforded thereby. 3-A Tex.Jur. p. 427, Magnolia Petroleum Co. v. McClendon, 123 Tex. 10, 65 S.W.2d 484, and Cashion v. Cashion, Tex.Civ.App., 239 S.W.2d 742, 743; the latter case holding in part: "The right to suspend a judgment by filing supersedeas bond in the trial court exists though appeal bond and transcript have already been filed in the Court of Civil Appeals and such filing does not diminish the power and duty of the trial court to fix the amount of a supersedeas bond in cases of this character if and when requested to do so, but the appellants concede that no request in this respect has ever been made of the court below." In such connection it is stated by respondents in reply "that if this Honorable Court determines that the respondent Thornton does have the jurisdiction to pass upon the question of the supersedeas bond after having once so passed on the question and after jurisdiction of the cause has been vested in this Honorable Court, the respondent will adhere to the ruling of this Honorable Court and fix such bond in such lesser amount as this Honorable Court may direct, * * *."

We conclude that the Honorable trial court is duty bound to forthwith hear testimony relative to "rents and hire of said real estate" in question; sufficiently so as to enable him to fairly approximate the amount of bond required under Rule 364(c) and certify same to this court as a basis for relators' right of supersedeas as provided by the cited rule.