Henry Wade, Criminal Dist. Atty., George Milner, Jr., Pat McDowell, Phil Burleson, Asst. Criminal Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $200.

The witness Fair testified that as he was driving on the Freeway in the City of Dallas an automobile driven by appellant pulled out in front of him, resulting in a collision. He stated that he was unable to avoid hitting appellant's automobile because there was a truck in the other lane of traffic and he could not pull aside. He stated that he approached appellant's automobile after the collision and tried to engage her in conversation but that he was unable to make any sense out of what she said and that when the police arrived they carried her "one on each side" to the patrol car.

Officer Smith testified that he arrived upon the scene of the collision, observed appellant's manner of speaking, her flushed face and eyes, and detected a strong odor of alcohol about her person, asked her if she had been drinking and appellant replied that she had been drinking at home. He stated that it was necessary for him to assist her in going to the patrol car and expressed the opinion that she was intoxicated.

Accident Investigator Speers testified that when he approached appellant's automobile he detected a strong odor of alcohol about her person, asked her if she had been drinking and was told that she had drunk half of a half-pint of whiskey at home. He stated that her eyes were bloodshot, her face was flushed and that she was unable to focus her eyes well enough to read a sheet of paper, and expressed the opinion from these factors and his con-

versation with her that she was very intoxicated.

Appellant, testifying in her own behalf, admitted having had two drinks of whiskey earlier in the afternoon but stated that she was not intoxicated and blamed her inability to walk on the wreck.

The jury resolved the disputed issue of fact against the appellant, and we find the evidence sufficient to support their verdict.

No formal bills of exception appear in the record, and no brief has been filed for appellant.

Finding no reversible error, the judgment of the trial court is affirmed.

**W. H. HOLT, Appellant,**

v.

**Alvin FARLEY, Appellee.**

No. 7315.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 10, 1961.

Rehearing Denied Oct. 31, 1961.

**660**

William C. Koons, Witts, Geary, Hamilton, Brice & Lewis, Dallas, for appellant.

Ross Huffmaster, Kaufman, for appellee.

FANNING, Justice.

This is an appeal from a temporary injunction. The judgment of the trial court is reversed and judgment is here rendered dissolving the temporary injunction.

On October 14, 1959, W. H. Holt recovered judgment against Alvin Farley in the amount of $1,118.78, in the 68th Judicial District Court of Dallas County, Texas. On November 9, 1959, Farley filed suit against Holt in the 86th Judicial District Court of Kaufman County, Texas, seeking damages in the sum of $1,350, to which suit defendant duly filed an answer; also in this Kaufman County suit Farley sought a temporary injunction to enjoin Holt and the Sheriff of Henderson County, Texas, from levying execution under the Dallas judgment on the property of Farley. On Oct. 10, 1960, the trial court in the Kaufman County District Court granted the temporary injunction prayed for. Holt has appealed from said order.

Farley was duly served with citation in the Dallas District Court suit and the judgment rendered in said suit is valid on its face. The record shows that Farley received notice of the judgment of the 68th District Court of Dallas County, Texas, a few days after its rendition, however he did not file a motion for new trial, nor did he attempt to set aside the judgment, nor did he appeal or seek to appeal in any manner from it, and he has not filed a direct attack against such judgment by Bill of Review. Farley also neither alleged nor proved on the hearing for temporary injunction that he had a meritorious defense to Holt's suit and judgment. Farley also neither alleged nor proved that Holt was insolvent. By reason of the above matters Farley was not entitled to the temporary injunction. See the following authorities: Duncan v. Smith Brothers Grain Co., Tex.Comm.App., 113 Tex. 555, 260 S.W. 1027; Clayton v. Stephenson, Tex.Civ.App., 254 S.W. 507, wr. ref.; Miller v. Burnet Mercantile Co., Tex. Civ.App., 65 S.W.2d 505; Texas National Bank of Beaumont v. Moore, Tex.Civ.App., 118 S.W.2d 934; 18 Tex.Jur., p. 616; Williamson v. Johnson County, Tex.Civ.App., 241 S.W. 533; Magnolia Petroleum Co. v. McClendon, 123 Tex. 10, 65 S.W.2d 484; Bullitt v. Jesse French Piano and Organ Company, Tex.Civ.App., 158 S.W. 782, wr. ref.

The judgment of the trial court is reversed and judgment is here rendered dissolving the temporary injunction.

Reversed and rendered.