**LINGWILER et al. v. ANDERSON.**[*]
(No. 9262.)

(Court of Civil Appeals of Texas. Dallas. On Application for Injunction, Oct. 18, 1924. On Appeal, Feb. 28, 1925. Rehearing Denied March 28, 1925.)

On Application for Injunction.

1. **Appeal and error ⟺468—Supersedeas bond, filed instead of cost bond, must be within time for perfecting appeal.**

Supersedeas bond, as provided by Rev. St. art. 2101, for suspension of execution in perfecting appeal, filed instead of cost bond, provided for perfecting appeal by articles 2097–2100, but not suspending execution, must be filed within time prescribed for perfecting appeal.

2. **Appeal and error ⟺468—Supersedeas bond, in addition to cost bond, but filed after elapse of time for perfecting appeal, held to suspend execution.**

Supersedeas bond, filed in addition to cost bond, but after lapse of time for perfecting appeal, *held* to suspend execution, notwithstanding Rev. St. art. 3716, providing for suspension

where bond is filed within time prescribed by law, which has reference only where bond is filed instead of cost bond.

### On Appeal.

**3. Partnership ☞212—Petition naming individuals as composing firm, but not connecting firm with cause of action, not proper designation of firm as party defendant.**

Petition giving names of individuals as composing a firm, which was not followed by any allegation connecting firm with facts upon which suit was based, *held* not to properly designate firm as party defendant nor allege cause of action against it.

**4. Trial ☞357—Findings of jury held not responsive to case made by pleading.**

Findings of jury that contract sued on was made with a firm, and that firm was one of parties indebted, *held* not responsive to case made by pleadings, where firm was not sued as one of defendants, nor a cause of action alleged against it, nor relief sought against it.

**5. Judgment ☞251(1)—Judgment held not to conform to pleading, proof, or verdict.**

Where individuals of firm only were sued, and neither cause of action alleged, nor relief sought against firm, judgment against the firm and individuals as partners, as well as against individuals, *held* unauthorized by pleadings, proof or verdict, as required by Rev. St. art. 1994.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by J. S. Anderson against George W. Lingwiler and others. Judgment for plaintiff, and defendants appeal and apply for injunction against plaintiff and others to stay execution of judgment. Injunction granted, and cause reversed and remanded.

W. B. Hamilton, W. H. Reid, and Geo. G. Shaw, all of Dallas, for appellants.

Currie McCutcheon, of Dallas, for appellee.

### On Application for Injunction.

LOONEY, J. This is an application for injunction by the appellants to restrain appellee, his attorney of record, and the sheriff of Dallas county from enforcing an execution issued on the judgment appealed from, and from further attempting to execute the judgment pending the appeal.

On September 29, 1923, J. S. Anderson, appellee, recovered in the district court of Dallas county a judgment against appellants for the sum of $1,666.66⅔, and court costs.

Appellants duly perfected an appeal from this judgment by filing, and having approved by the clerk of the court below, their cost bond on appeal.

Thereafter, on the 3d day of September, 1924, appellee, through his attorney of record, caused an execution to be issued on the judgment, and the same was placed in the hands of Dan Harston, sheriff of Dallas county, who, by virtue thereof, levied upon certain lands in Dallas county as the property of appellants, and advertised the same for sale on the first Tuesday in October, 1924. Prior to the issuance of the execution, but long after the appeal was perfected, appellants filed and had approved, in addition to the cost bond, a supersedeas bond, desiring thereby to suspend the execution of the judgment pending appeal.

[1, 2] The question presented for our determination is whether or not a supersedeas bond, given in addition to the cost bond on appeal, but filed after the time had elapsed for perfecting appeal, will suspend the execution of the judgment and supersede the further execution of process issued thereon?

This question, in our opinion, must be answered in the affirmative. Articles 2097, 2098, and 2099, Revised Statutes, provide for perfecting an appeal by giving a cost bond or affidavit in lieu thereof, but it is expressly provided in article 2100, Revised Statutes, that an appeal thus perfected shall not have the effect to suspend the judgment.

Article 2101, Revised Statutes, however, provides for the suspension of the execution of judgment. This article reads in part as follows:

"Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving, instead of the bond or affidavit in lieu thereof * * * or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned," etc.

It is perfectly apparent that, where the supersedeas bond is filed "instead" of the cost bond, it must be filed within the time prescribed for perfecting the appeal. The statute, however, is silent as to the time the supersedeas bond shall be filed in instances where it is filed in "addition to the cost bond."

In such a situation the rule is announced in 3 C. J. 1299, that, "in the absence of a statute to the contrary, a bond for supersedeas or stay may be given at any time before the execution is executed."

The rule stated above is the law of this state as announced by Judge Key in Patrick v. Laprelle (Tex. Civ. App.) 37 S. W. 872, and also by Judge Jenkins in Allen v. Kitchen (Tex. Civ. App.) 156 S. W. 331, in the following language:

"If the appeal has been perfected by giving a proper bond, or making proper affidavit in lieu thereof, within the time prescribed by statute, the supersedeas bond may be given at any time thereafter pending the appeal."

This rule, in our opinion, is not in conflict with article 3716, Revised Statutes, reading that—

"When an execution has been issued * * * and a supersedeas bond is afterward filed and approved within the time prescribed by law, the clerk shall immediately issue a writ of supersedeas suspending all further proceedings under such execution."

The reference in this article of the statute to the proper time for filing the supersedeas bond as "within the time prescribed by law" means, and can only mean, that, where such bond is filed "instead of a cost bond," it must be filed within the time prescribed by the statute for perfecting the appeal, for, in such an instance, it not only serves the purpose of an appeal bond, but also suspends the judgment pending appeal. When such bond is given "in addition" to the cost bond, it may be filed at any time pending the appeal or prior to the execution of process issued on the judgment.

In accordance with these views, it is our opinion, and the judgment of the court, that the injunction applied for be granted, and the clerk will issue the writ in accordance with appellants' prayer.

Injunction granted.

## On Appeal.

Appellee brought suit against appellants to recover a share of alleged profits arising from an exchange of real estate. He obtained judgment in the court below, from which appellants prosecute this appeal.

Appellee urges various objections to appellants' brief, and asks that the same be stricken out. At a former day the court, on motion, permitted appellants to file an amended brief, which, in our opinion, meets and concludes the objections raised by appellee.

This case will have to be reversed and remanded for want of harmony between the pleadings, the verdict, and judgment.

Appellee sued to recover one-third of the profits realized from an exchange of lands, in this: He alleged, in substance, that the Dallas Bond & Mortgage Company held mortgages on two farms situated in Grayson county, Tex.; that the mortgagee had defaulted, and foreclosure was imminent; that appellants Geo. W. Lingwiler and Thos. J. Crystal purported to control the lands, stated to appellee that these farms were worth more than the amount for which they were mortgaged, and proposed to appellee that, if he would procure a purchaser willing to assume the mortgage debt, or take conveyance of the farm subject thereto, they would divide equally with him any profits made in the transaction; that is to say, he should receive one-third of the profits realized. To this appellee agreed, and succeeded in finding a purchaser. A trade was consummated in which the purchaser exchanged for one of the farms certain houses and lots in the city of Dallas, from which transaction a large profit was made, and, as the right of appellee to share in the profit was denied, he filed this suit.

In giving the names of the defendants appellee named Thos. J. Crystal, A. B. Webster, Geo. G. Shaw, Geo. W. Lingwiler, and W. H. Reid, and alleged that "the last three named parties being a partnership operating under the name of Shaw-Lingwiler Company."

Appellee, in alleging his cause of action. nowhere connects the partnership of Shaw-Lingwiler Company with the facts constituting the same. His allegations are that the contracts and agreements made were entered into between him and the defendants Lingwiler and Crystal, but no allegation is made that they, or either of them, acted for or on behalf of the partnership.

In the prayer of his petition appellee asks that the individual defendants be cited and, on hearing, for judgment against them jointly and severally, but did not pray that the partnership be cited, nor did he pray for judgment against it.

[3] The petition, in our opinion, did not sufficiently designate the firm of Shaw-Lingwiler Company as a party defendant, nor did it allege a cause of action against the firm. The language giving the names of the individuals composing the firm was not followed by any allegation connecting it with the facts upon which appellee based his suit, and, at most, is merely a descriptio personæ.

[4] The findings of the jury are not responsive to the case made by the pleadings.

In answer to special issue No. 2 the jury found that the contract sued upon by appellee was made with Shaw-Lingwiler Company and T. J. Crystal, and that they were to pay him the commission or profit, if any; and in answer to special issue No. 7 the jury found that Shaw-Lingwiler Company and T. J. Crystal were the parties indebted to appellee on account of the transaction in litigation.

It is apparent that the verdict against Shaw-Lingwiler Company was not authorized, because (a) the firm was not sued as one of the defendants; (b) no cause of action was alleged against it; and (c) no relief against it was sought.

[5] The judgment rendered against Shaw-Lingwiler Company, the partnership, and against Geo. W. Lingwiler, Geo. G. Shaw, and W. H. Reid, as partners and as individuals, did not conform to either pleading, proof, or verdict in the following respects: (a) As against the partnership, the judgment was authorized by neither the pleadings nor the proof; (b) for the same reasons, the judgment against the individuals as partners was not warranted; (c) as against the defendants Shaw and Reid, individually, the judgment was not warranted by either pleading, proof, or verdict; and (d) as against

the defendant Lingwiler, individually, the judgment is without a finding of the jury upon which it could have been based.

It is indispensable under the rules applicable to a situation such as is presented here that the pleadings contain every essential fact necessary to the maintenance of the cause of action or ground of defense, and, however clear and meritorious the right of a litigant may be shown to be by the evidence, he cannot prevail beyond the allegations of his pleadings. It is a statutory requirement in this state that the judgment shall conform to the pleadings, the case made by the evidence, and the verdict of the jury. R. S. art. 1994.

A serious question is also raised as to the sufficiency of the evidence to sustain the verdict and judgment, but, in view of another trial, we refrain from any comment on the evidence.

For the reasons stated, the cause is reversed and remanded.

Reversed and remanded.