GLENN v. HOLLUMS et ux.

No. 4313.

Court of Civil Appeals of Texas. Amarillo.

June 18, 1934.

Critz & Woodward, of Coleman, and John B. Daniel, of Temple, for appellant.

H. D. Payne, of Floydada, for appellees.

HALL, Chief Justice.

Hollums and wife, Mrs. Maude E. Hollums, instituted this suit under Senate Bill No. 3, Acts of the 43d Legislature (Second Called Sess.) chapter 16, commonly known as the Moratorium Act (Vernon's Ann. Civ. St. art. 3804 note). They made E. S. Randerson, sheriff of Floyd county, and H. C. Glenn, receiver of the Temple Trust Company, parties defendant.

The purpose of the suit was to restrain the execution of a judgment rendered against the plaintiffs in the district court of Bell county November 28, 1933, in favor of Glenn as receiver of the Trust Company, and against John A. Hollums for the sum of $3,378.30, with a foreclosure of a deed of trust lien against Hollums and wife on two town lots in Floydada, Tex. The judgment awarded an order of sale. The plaintiffs filed their petition on March 6, 1934, five days after the Moratorium Act became effective. They alleged that Glenn had been appointed receiver of the Trust Company by the federal court; that as receiver he had sued upon a series of notes and recovered judgment against John A. Hollums for over $3,000 and a foreclosure upon the property as to both plaintiffs; that an appeal had been taken from said Bell county judgment without a supersedeas bond; that Glenn had taken out an order of sale, which was levied upon said lots and threatened to sell the same on March 6th; and they prayed that the court grant a restraining order enjoining the sale until February 1, 1935.

On said March 6th the petition was presented to the district judge of Floyd county, who made an order enjoining the sale and setting the petition down for a hearing on March 14th. The order recites that no bond was required under the law and none was 'required by the order. Injunction was duly issued and served.

The receiver, Glenn, filed his motion on March 23, 1934, to dissolve the injunction.

The petition and motion were heard in vacation on March 23d, and the district judge entered an order denying the motion to dissolve and temporarily enjoining Glenn as receiver, and Randerson as sheriff, from executing the order of sale until the 1st day of February, 1935, and further ordered that the defendants be restrained from selling said property under any other order of sale which might be issued upon said judgment until after said last-named date. The district judge further ordered that John A. Hollums and wife pay to the clerk of the district court the sum of $27.50 per month during the effective period of the order, payments to begin on the 1st day of April, 1934, and to be made on the 1st of each succeeding month thereafter. It further ordered the district clerk to apply the amounts paid to the payment of taxes due for 1928 and succeeding years and after the payment of taxes, the balance, if any, to be applied to insurance, interest, and principal of the Bell county judgment in the order named. It further provided that default in making any of said payments would ipso facto dissolve the injunction.

The receiver, Glenn, introduced the following evidence: (1) Decree of the federal court entered in the case of Hubert v. Temple Trust Company on March 10, 1933, appointing him receiver of the company and defining his duties; (2) judgment of the district court of Bell county in favor of the receiver against Hollums for the sum of $3,378.30, with interest from November 8, 1933, at 7 per cent. and decreeing a foreclosure against Hollums and wife of the deed of trust lien against both defendants. The judgment awards order of sale and execution as required by the statutes. The statement of facts contains three stipulations to the effect that no permission had been given by the federal court at Waco or by the district court of Bell county for the plaintiff in this suit to file and prosecute the same, that the order of sale to be enjoined issued out of the district court of Bell county based on the judgment rendered in favor of Glenn against the defendants, and that the reasonable rent for all of the property in question was $27.50 per month. Hollums testified that the property was worth from $10,-000 to $15,000 in normal times. Mrs. Hollums testified that it was worth at least $10,-

000. The only description given of the property showed that it consisted of two 50-foot lots which contained a residence and a greenhouse. Hollums did not know whether the state and county taxes had been paid for the years 1928 to 1933, inclusive, stated that he did not know about values. The testimony further shows that the judgment rendered in the district court of Bell county against the Hollums had been appealed and was pending in the Court of Appeals at the time of the trial of this case; that the Hollums had a plea of usury which, if sustained, would cut the judgment to about $1,500. It further appears that they denied the validity of the lien which had been foreclosed in favor of the trust company in the district court of Bell county.

The Moratorium Act under which the Hollums are endeavoring to stay the execution of the judgment against them is held to be in derogation of the common law, and it must be conceded that it is contrary to several provisions of the State and National Constitutions, especially article 1, § 16, of the Constitution of Texas, which prohibits the enactment of retroactive laws and further prohibits the passing of laws which impair the obligations of contracts, and also of article 1, § 19, of the Constitution, which provides that no citizen shall be deprived of his property, privileges, or immunities except by due course of the law of the land. Its validity, if sustained, must be upon the ground that moratorium laws generally are upheld, i. e., because of the financial distress and unusual conditions which exist throughout the nation, during the present period. All rights in this suit which the Hollums have, if any, exist solely and alone in virtue of the statute, and, as said by Cureton, C. J., in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087: "The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. * * * The rule is well settled in most jurisdictions and in this state 'that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner or otherwise than according to the course of the common law, since under such circumstances the court stands with reference to the special power exercised on the same footing with courts of limited and inferior jurisdiction.' "

Judge Cureton further holds that in such cases he who claims any right or benefit under such a statute must affirmatively show the court's jurisdiction in the premises by alleging and proving the same.

The Act of the 43d Legislature (2d Called Session), p. 42, c. 16 (Vernon's Ann. Civ. St. art. 3804 note), provides that the party claiming the benefit of the act is entitled thereto "When it shall be made to appear by verified motion or petition or from evidence adduced upon a trial on the merits or on ex parte or preliminary hearing as follows: (a) That the defendant or the relator is justly obligated to pay a substantial portion of the indebtedness." Section 1. This requirement of the statute is not satisfied by the record, which shows that it has not been finally determined that the Hollums are liable for any amount, since the judgment against them is now pending in the Court of Civil Appeals. They show that they are seeking to reduce the judgment to $1,500 by a plea of usury and are denying the validity of any lien whatever. If the Court of Civil Appeals should determine that the lien is invalid, the property, which is their homestead, would not be subject to sale under the judgment and the reason for the issuance of the restraining order in this case fails. It would follow, therefore, that this action is premature. Neither the district court which granted the restraining order in this case nor this court has jurisdiction to pass upon the merits of the original action. If the lien is void, then the property is not incumbered and cannot be seized under execution and the condition prescribed by subdivision (b), section 1, of the act does not exist. The attempt to prove the value of the two lots has resulted in failure. Neither Hollums nor his wife qualified as experts upon the market value of property nor was it shown that the homestead had no market value. In fact, Hollums testified that they did not know anything about values and their estimate varied from $10,000 to $15,000. Statements of values which are evidently bare conclusions of the witness without any basis of fact to show upon what the estimate made by the witness rested and though not objected to have no probative force. Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

Subdivision (c), section 1, of the act under consideration, provides that the plaintiff shall show that the value of the property involved is substantially in excess of the amount of the debt demanded. The Hollums

have not only failed to show the value of the property involved, but they have not shown and cannot until the judgment in the Bell county case has become final, what is the amount of the debt demanded. The evidence also fails to comply with subdivision (d), which requires them to show that the property would probably sell for substantially less than its value. They further failed to comply with subdivision (f) by showing that they had a reasonable expectation that the indebtedness would be materially reduced or that a substantial amount thereof would be refinanced within a reasonable time.

■ Having failed by their pleadings and proof to bring themselves within the provisions of the special act, the rights of the Hollums, if any, are governed by the general laws applicable to cases where defendants seek to enjoin judgments rendered against them or endeavor to stay executions which are levied upon their property.

■ When the action of the trial judge is considered in the light of the general statutes relating to enjoining judgments and staying executions, it is clear that he had no jurisdiction and that his judgment is void.

R. S. art. 4645, provides that no injunction shall be granted to stay any judgment or proceeding at law except so much of the recovery or cause of action as a complainant shall in his petition show himself equitably entitled to be relieved against and so much as will cover costs. No such showing is made. The petition shows that the Hollums prosecuted their appeal without filing a supersedeas bond and appealed only on a cost bond. One who has appealed from a judgment without giving a supersedeas bond cannot stay proceedings on the judgment by injunction. Dunson v. Spradley (Tex. Civ. App.) 40 S. W. 327. R. S. art. 2275, provides that upon the filing of a proper supersedeas bond the appeal shall be held to be perfected and the execution of the judgment shall be stayed, and, should execution have been issued thereon, the clerk shall forthwith issue a supersedeas. R. S. art. 4648, relating to the issuance of injunctions generally, provides that the judge upon inspection of the petition after concluding that the applicant is entitled to the right shall specify in his fiat the amount of bond to be given by the applicant as a prerequisite to the issuance of the writ, and, if the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in double the amount of such judgment or debt. In the instant case the judge's or-

der expressly relieves the Hollums of the duty of filing such bond, which under R. S. art. 4649, must have been filed with the clerk payable to the adverse party with two or more good and sufficient sureties conditioned as required by that article, before the writ could lawfully issue.

The appellant company insists that, as a condition precedent to the right of the Hollums to file this suit against the receiver, it was necessary for them to obtain the permission of the federal court appointing such receiver, and that without such showing the suit could not be maintained.

Title 28, § 125, USCA, provides: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

We strongly incline to the opinion that the instant case does not come within the terms of section 125 and that it was necessary for the Hollums to secure the consent of the federal court at Waco before they could maintain this action. Field v. K. C. Refining Co. (C. C. A.) 9 F.(2d) 213. However, we do not base the disposition of the case solely upon that proposition.

■ By other propositions the appellant contends that the Moratorium Act is unconstitutional. The act seems to have been based upon and in the main is a copy of the Laws of Minnesota of 1933, ch. 339, which has been declared constitutional by a majority of the Supreme Court of the United States in Home Building & Loan Association v. Blaisdell et ux., 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481. Under the view we take of the case it is unnecessary for us to dispose of these contentions or even to express our views at this time with reference to the constitutionality of the act, except as to that portion of the act which confers upon one district court the right to enjoin the judgment of a court of co-ordinate jurisdiction when said judgment does not show upon its face to be absolutely void. In the case of Dallas Joint Stock Land Bank v. J. W. Ray and Wife, 71 S.W.(2d) 589, 590, on motion for rehearing Judge Murray of the San Antonio Court of Civil Appeals held that such portion of the act in question was void

as being against public policy, saying: "The calamity which results when two district courts attempt to handle the same subject-matter and parties at the same time is illustrated by the case of Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1069," in which case Judge Cureton makes clear the utter impracticability of having the same controversy under investigation and trial in different district courts. We approve this holding.

Because the district court of Floyd county had no jurisdiction for the reasons hereinabove stated, the judgment is reversed, and the cause is dismissed.