## BROWN v. LUBBOCK DEVELOPMENT CORPORATION et al.

### No. 4407.

Court of Civil Appeals of Texas. Amarillo.

Oct. 15, 1934.

Rehearing Denied Nov. 5, 1934.

Vickers, Campbell & Evans, of Lubbock, for appellant.

Robt. A. Sowder, of Lubbock, for appellees.

JACKSON, Justice.

The Lubbock Development Corporation, on July 15, 1929, executed and delivered its promissory note in the sum of $8,000, payable to J. A. Brown on or before one year from date, with interest at the rate of 8 per cent. per annum, and contemporaneously therewith executed its deed of trust on certain real estate to secure the payment of said note.

The date of payment was thereafter extended and the note indorsed by F. R. Friend and I. C. Enochs.

On July 15, 1933, a note for the sum of $8,510.40, in renewal and extension of the original indebtedness, was executed by the Lubbock Development Corporation and indorsed by F. R. Friend and I. C. Enochs, and a new deed of trust was given on the same property to secure the payment of the renewal note, which was due November 15, 1933.

J. A. Brown, on November 18, 1933, instituted suit in the district court of Lubbock county on said note in cause No. 5813, and on March 1, 1934, obtained a judgment against the Lubbock Development Corporation, F. R. Friend, and I. C. Enochs for $9,828.35 and the foreclosure of the deed of trust lien. Among other things, the judgment, in substance, recites that it was agreed in open court that J. A. Brown "would issue no execution or order of sale upon the foregoing judgment nor cause any abstract of such judgment to be made until the 1st day of August, 1934, on condition that the defendants pay interest on such judgment at the judgment rate until August 1, 1934."

On that date J. A. Brown caused an order of sale to be issued on said judgment and placed in the hands of the sheriff of Lubbock county, who advertised the real estate for sale on September 4th thereafter, which was the 1st Tuesday in said month.

The Lubbock Development Corporation, F. R. Friend, and I. C. Enochs, on August 31, 1931, on their application to the district judge, secured an order against J. A. Brown and the officers of the county staying the issue of all process to collect the judgment in said cause 5813 or enforce the lien therein foreclosed until February 1, 1935.

J. A. Brown and Tom Abel, sheriff of Lubbock county, on September 4, 1934, filed their motion to have the order staying the collection of the judgment dissolved, vacated, and set aside, which the court, after a hearing thereon, overruled, from which action this appeal is prosecuted.

The appellant presents as error the action of the trial court in overruling his motion to dissolve and vacate the temporary restraining order because the pleadings and evidence conclusively show that on July 15, 1933, appellees had procured a renewal and extension of the debt evidenced by the note reduced to judgment in cause No. 5813.

The act of the Forty-Third Legislature, at the Second Called Session, authorizing district judges to stay the sale of real property by granting restraining orders, among other things, provides:

"Sec. 1. From the effective date of this Act until February 1, 1935, the Judges of the several District Courts having civil jurisdiction in this State, in addition to the powers heretofore exercised, are hereby authorized to grant continuances and stays of execution in all suits instituted for the purpose of foreclosing liens upon real property and to grant writs of injunction restraining the sale of real property under powers created by Deeds of Trust or other contracts and to restrain sales under executions and orders of sale issued out of any Court in this State, when it shall be made to appear by verified motion or petition or from evidence adduced upon a trial on the merits or on ex parte or preliminary hearing as follows: * * *

"(h) That neither the indebtedness demanded nor the lien securing same has been renewed or created since May 1, 1933. * * *

"Sec. 3. When there is a threatened foreclosure of a Deed of Trust Lien that was outstanding prior to May 1, 1933, and that has not been renewed or extended since that time, or when a sale of real property under execution or order of sale is threatened the Judge of the District Court of the county in which the land or a part thereof is situated, or the Judge of the Court from which the execution or order of sale is issued, upon presentation of a verified petition embracing allegations covering the conditions contained in Section 1 hereof, may in his discretion issue an order temporarily restraining the sale under the Deed of Trust, order of sale or execution." General and Special Laws of Texas, 43d Legislature, 2d Called Session, c. 16, pp. 43, 44 (Vernon's Ann. Civ. St. art. 2218b note).

The record shows conclusively that the note sued on and the lien foreclosed were both renewed on July 15, 1933, hence "the indebtedness demanded" had "been renewed * * * since May 1, 1933," and therefore, under its express terms, appellees were not entitled to the relief provided for in the act.

The rights sought by the appellees in this case exist solely by virtue of the act of the Legislature, which is in derogation of the common law, and to avail themselves of its provisions they must comply therewith in all respects. Glenn v. Hollums et ux. (Tex. Civ. App.) 73 S.W.(2d) 1068; Glenn v. Jones et al. (Tex. Civ. App.) 73 S.W.(2d) 1072.

The judgment is reversed, and the restraining order staying the sale of the property and the collection of the judgment is dissolved.