**RICHARDSON et al. v. MARTIN et al.**

No. 2193.

Court of Civil Appeals of Texas. Waco.

March 30, 1939.

Rehearing Denied April 20, 1939.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Asst. Atty. Gen., for appellants.

Ross Hardin, of Prairie Hill, and Robert Harrison, of Fort Worth, for appellees.

PER CURIAM.

This is an appeal from an order of the trial court granting a so-called "temporary restraining order." Roe H. Martin and others sued the Public Safety Commission of the state of Texas, W. H. Richardson, Jr., as chairman thereof, and various other officers of the state to restrain them from enforcing what is known as the Motor Truck Law of the state. Vernon's Ann.P.C. art. 827a. The plaintiffs alleged, in substance, that they were engaged in purchasing fruits and vegetables at various points in the states of Colorado, Florida and in the Rio Grande Valley of the state of Texas and transporting same by motor vehicle over the public highways of the state to Dallas, Fort Worth and various other cities in the state for sale; that the Public Safety Department of the state and the other defendants in an attempt to enforce the provisions of the Motor Truck Law were pursuing the practice of arresting all drivers of trucks where the weight of the net load carried thereon was in excess of 7000 pounds, and that said employees were annoying the drivers by stopping and weighing the trucks both when empty and loaded and when it was found that said trucks contained more than 7000 pounds net load, the defendants would unload as much thereof as was necessary to decrease the amount of the load to 7000 pounds, and as a re-

sult the fruit that was so unloaded was often spoiled. They alleged that there were no other adequate facilities for the transportation of such fruit and vegetables in the manner used by them in transporting same, and that by reason thereof the truck load limit at 7000 pounds did not apply to them. They prayed for an injunction restraining the defendants from stopping and weighing trucks operated by the defendants and from arresting and prosecuting their drivers for violations of the truck law. Upon presentation of the petition, on December 14, 1938, the court in chambers and without notice to the defendants entered a temporary restraining order substantially as prayed for by the plaintiffs, said temporary restraining order to remain in full force and effect until further ordered by the court. Said order provided that the cause should be set for hearing for the 30th day of January 1939. On the 30th day of January 1939, the defendants, through the Attorney General of the state, filed an answer challenging the jurisdiction of the court and otherwise denying the right to grant the injunction as prayed. On the same date, the court of its own motion reset the hearing for February 11, 1939, and provided that "the temporary restraining order heretofore granted herein is continued in full force and effect until said date." Thereafter, on the 8th day of February, 1939, the court of its own motion and apparently without notice to the defendants reset the hearing for the 29th of April 1939 and provided that "the temporary restraining order heretofore granted herein is continued in full force and effect until said date." The defendants appealed by filing the transcript of the proceedings in this court on the 16th day of February 1939.

■■ On a former date we dismissed the appeal because we were of the opinion that the transcript had not been filed in this court within the twenty day period after the entry of the order appealed from as provided by R.S. art. 4662, and there-fore this court was without jurisdiction to consider the appeal. Upon further consideration, we have concluded that we were in error in so holding. While the order appealed from is designated a temporary restraining order, it is, in effect, a temporary injunction and is therefore appealable. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372; Barkley v. Conklin, Tex.Civ.App., 101 S.W.2d 405. The original order entered December 14, 1938, by its terms, was to continue until further ordered by the court. On January 30, 1939, a new order was entered which provided that the restraining order previously granted should continue until February 11, 1939. The court thereby fixed a definite date for the termination of the original temporary restraining order, and we assume that same would have expired on that date by operation of law. However, on February 8, 1939, the court on its own motion granted a new order which provided that the temporary restraining order should continue in full force and effect until April 29, 1939. We construe the order of date February 8th in effect the granting of a new restraining order to take the place of the old one which was to expire on February 10th, and since the transcript was filed in this court within twenty days after the entry of such new order, we think the appeal was perfected in time to confer jurisdiction on this court. R.S. art. 4662.

■ With reference to the merits of the case, we do not deem it necessary to consider in detail the contentions presented for and against the validity of the order appealed from because on March 1, 1939, in the case of State of Texas v. Hon. H. F. Kirby, District Judge et al., 125 S.W. 2d 272, the Supreme Court had before it the validity of a temporary restraining order issued by the trial court on a similar state of facts. It was there held that the restraining order was void. Based on that decision, the judgment of the trial court is reversed and the restraining order is dissolved.