**COBB et al. v. DALLAS JOINT STOCK LAND BANK.**

No. 12865.

Court of Civil Appeals of Texas. Dallas.

May 6, 1939.

Rehearing Denied May 27, 1939.

Andrew Patton, Dist. Atty., and E. G. Moseley, David M. Weinstein, and Harold McCracken, Asst. Dist. Attys., all of Dallas, for appellants.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellee.

LOONEY, Justice.

This is a sequel to the case giving rise to the original mandamus proceeding, styled the Dallas Joint Stock Land Bank of Dallas v. Jno. A. Rawlins, Judge of the 116th Judicial District Court of Dallas County, Tex.Civ.App., 129 S.W.2d 485, this day decided.

In the case to which this is a sequel, the State of Texas, on relation of Ed Cobb, Tax Assessor and Collector of Dallas County, and Andrew Patton, District Attorney of Dallas County, each acting in his official capacity, sought, and on March 23, 1939, obtained by Bill of Discovery, an order requiring the Land Bank to disclose the names, addresses, and the number of shares of stock owned by each of its stockholders, who resided in Dallas County on the first days of January in each of the years beginning with 1931, to and including 1938; the information sought by said officials was to enable them to sue each of said unknown stockholders, for and on behalf of the State of Texas and the County of Dallas, to recover judgment for and collect taxes due on the stock owned by each said stockholder.

Later, on April 5, 1939, the Bank presented a petition to Honorable Claude M. McCallum, Judge of the 101st Judicial District of Dallas County, seeking injunctive relief against said officials and their subordinates, alleging the institution by said officials of the discovery suit, the result of same in the 116th Judicial District Court, that the Bank excepted, gave notice of, and intended to perfect an appeal to this Court. (The record discloses that the Bank perfected its appeal in the discovery suit on April 8, 1939, and on the same day filed a motion to have Hon. Jno. A. Rawlins, District Judge, set the amount of a supersedeas bond, as the Bank was desirous of suspending execution of the order issued therein, pending the appeal, but, as the District Judge being of the opinion that, the order was not appealable, declined to set the amount of the bond, hence overruled the Bank's motion for that purpose; thereupon, on April 11, 1939, the Bank filed in this Court an original application for a mandamus against Judge Rawlins to require him to set the amount of the supersedeas bond, which, as heretofore stated, we disposed of on this day, holding that the order was appealable, and that the Bank had the legal right to suspend its execution pending the appeal, therefore sustained the application for mandamus.)

In the instant case, the Bank also alleged that, on or about the 30th day of March, 1939, Ed Cobb, Tax Assessor and Collector, came into possession of what purports to be a list of the stockholders of the Bank, and, at his request, one of his co-defendants, a subordinate of the District Attorney, by registered letters, notified certain firms and individuals (forty-eight in number; names not disclosed) demanding of each information as to the amount of stock in the Bank owned, the years of such ownership, threatening to file a bill of discovery, on or after the 11th day of April, 1939, against each such supposed stockholder who refused to furnish the information requested, and that, unless restrained, said officials will institute such actions, alleging further that, on January 1, 1931, and through the succeeding years, the Tax Assessor and Collector of Dallas County, made invalid, unauthorized, unjust and unequal assessments of said stock, both against the Bank and the unknown owners of its stock, and that, although requested to expunge same from the tax rolls, said official has failed and refused to do so; that said assessments, the bill of discovery filed against the Bank, and the threatening letters mailed to the alleged stockholders, were to vex and harass the Bank and its shareholders; alleging that, plaintiff is an instrumentality of the Federal Government; that its stock is not taxable against it; that it owes no duty to anyone to disclose the names of its stockholders, except to the Federal Farm Credit Administration; that it does not owe either the State of Texas or the County of Dallas any taxes; that, under the Federal statutes, it is exempted from the payment of taxes such as the Tax Assessor and Collector of Dallas County is seeking to impose, concluding with a comprehensive prayer.

The above is an epitome of the Bank's material allegations for injunctive relief, in its own behalf, and on behalf of its undisclosed stockholders. The nature of the relief sought is revealed by the fiat of Honorable Claude M. McCallum, which restrained the named public officials and their subordinates, "from sending any letters through the mail or by any other means, or in any way communicating with purported stockholders of this plaintiff, or with this plaintiff, its agents, servants or employees, and from attempting to get information from said parties concerning the ownership of shares of stock in the plaintiff corporation for the years 1931 through 1938, or from filing any lawsuits, bills of discovery, mandatory injunctions, or any and all other proceedings against any of said parties, The Dallas Joint Stock Land Bank of Dallas, its agents, servants or employees, stockholders, unknown stockholders or purported stockholders, and from filing any contempt, mandamus or injunction proceedings against said parties just mentioned or from vexing or harassing said parties, or from in any way interfering with, damaging or injuring the plaintiff, its agents, servants, employees and attorneys, its unknown stockholders, its known stockholders, or its purported stockholders * * *." The Judge authorized the issuance of a show cause order and set the hearing down for June 5, 1939. The defendants appealed.

■ Plaintiff filed a motion to dismiss the appeal, contending that, the court is without jurisdiction, in that, the order attempted to be appealed from is simply a restraining order and not a temporary injunction. This contention is overruled. The order was issued on the 5th day of April and the hearing was set for the 5th day of June—sixty days thereafter. In our opinion, the writ served the purpose of, and in legal effect is, a temporary injunction. Whether or not an order is simply a restraining order, or a temporary injunction, is determined, not by the name given it, but by its substance, that is, the restraint its terms impose. We therefore overrule the motion to dismiss.

■ In so far as the Land Bank took up the cudgel for its stockholders, in seeking to protect them from the alleged efforts of public officials and their subordinates to procure information in regard to the ownership of stock in the Bank, and from threatened judicial proceedings, in efforts to ascertain and collect taxes alleged to be due the State and County by each individual stockholder, the action, in our opinion, was wholly unauthorized, as the Bank showed no justiciable interest in that phase of the subject matter of litigation, or any right to maintain an action on behalf of its stockholders.

■ We are also of opinion that, in so far as the Bank sought relief in its own behalf, its petition is devoid of merit. The only fact alleged, tending to show that either of the public officials was threatening to invade its rights, is that, the Tax Assessor and Collector of Dallas County, during the years mentioned, made illegal, unauthorized and discriminatory assessments of the stock held by the undisclosed stockholders both against the Bank and the unknown owners. There is no allegation that the Bank is annoyed by letters being written, or that litigation is threatened against it in regard to said assessment. In fact, it clearly appears that the restraints imposed upon the defendants by the fiat of the trial judge materially interfere with the jurisdiction of the 116th District Court over the Bill of Discovery suit against the Bank, now pending on appeal in this Court, and, to that extent, the order of the 101st District Court is void, as the 116th District Court and this Court have potential jurisdiction to compel disclosure of the information sought and to punish for contempt, for failure and refusal to comply with any proper orders that may be issued therein. Besides, if there should be any attempt by the named officials to enforce, as against the Bank, the illegal assessment for and on account of stock owned by its undisclosed stockholders, the Bank would have an adequate remedy at law, there being no showing that, the Bank is entitled to any relief requiring the restraint of public officials such as was imposed. Being of opinion that the trial court abused its discretion in issuing the temporary injunction, its order is reversed and the injunction is dissolved.

BOND, C. J., not sitting, being disqualified.