**HEATH et al. v. ELLISTON et al.**

No. 5188.

Court of Civil Appeals of Texas. Amarillo.
Dec. 11, 1939.

Rehearing Denied Jan. 15, 1940.

E. O. Northcutt and W. H. Brian, both of Amarillo, and J. D. Barker of Canyon, for appellants.

H. H. Cooper and Madden, Adkins, Pipkin & Keffer, all of Amarillo, for appellees.

FOLLEY, Justice.

This is a petition for mandamus filed by the relators, R. S. Pipkin and W. F.

Branson, to compel A. B. Holt, Clerk of the District Court of Randall County, Texas, to pay over to them certain funds deposited with him by the California Western States Life Insurance Company.

The California Western States Life Insurance Company filed a bill of interpleader in the 108th Judicial District Court of Potter County, Texas alleging that it had sold four sections of land in Randall County, Texas, for $30,000 and that it owed a commission of $1,500 to the agents who were the procuring cause of the sale. Such company further alleged that R. S. Pipkin and J. B. Elliston were the agents whom it recognized as being the procuring cause of the sale; that the respondents G. B. Heath and W. H. Harden were claiming the commission; prayed that all these persons be made parties to the suit; that it be allowed its reasonable attorney's fees in the cause; and that the balance of the funds be paid to the person or persons entitled thereto.

The cause was removed to Randall County upon pleas of privilege where it proceeded to judgment on August 26, 1939, and in which judgment it was decreed that the relators R. S. Pipkin and W. F. Branson (the latter having acquired the interest of J. B. Elliston) were entitled to the sum of $1,300 of the funds, and that the company was entitled to $200 of such funds as attorney's fees. The respondents G. B. Heath and W. H. Harden excepted to such judgment, gave notice of appeal, on September 14, 1939 filed an appeal bond and have duly perfected an appeal in this court. On October 28th, November 4th and November 7th, 1939 the relators made demand upon the Clerk of the District Court of Randall County that he pay over to them the $1,300 on deposit with him, which the clerk refused to do, and the clerk requested that he be allowed time to make further investigation of his duties in the matter. Thereafter, on November 9, 1939, while the matter was still in abeyance, the respondents, G. B. Heath and W. H. Harden, filed a supersedeas bond in due form with the district clerk which was approved by the latter. Thereafter such clerk refused to pay over any portion of the funds to the relators, hence this petition for mandamus.

■ The relators contend that the filing of the supersedeas bond after the twenty days allowed in which to perfect an appeal was unwarranted; that the clerk was unauthorized to accept such bond and that the filing and approval of the bond at such time could not affect the rights of the relators to collect the judgment. In support of this contention the relators call attention to the fact that article 2270, R.C.S., as it now exists since the 1925 revision, does not provide that a supersedeas bond may be given in addition to an appeal bond after the appeal has been perfected by an appeal bond, as was the case before the 1925 revision of the article, and, therefore, assert that the belated filing of the supersedeas bond did not have the effect of suspending the execution of the judgment.

We think the contention of the relators has been expressly overruled by the Supreme Court in the case of Magnolia Petroleum Company v. McClendon, 123 Tex. 10, 65 S.W.2d 484, which case was decided in 1933, some eight years subsequent to the revision of article 2270. In a per curiam opinion the court in that case held: "The right to suspend a judgment by the filing of a supersedeas bond in the trial court exists, although an appeal bond and a transcript have already been filed. R.C.S.1925, arts. 2270, 2275; Lingwiler v. Anderson (Tex.Civ.App.) 270 S.W. 1052; Allen v. Kitchen (Tex. Civ.App.) 156 S.W. 331. The supersedeas bond in such case is filed to stay the trial court's judgment or to suspend its execution pending the decision of the case which has been appealed."

■ The relators contend that the rule announced above is not applicable to the instant case for the reason that in the McClendon case the judgment was not a money judgment, that the trial court had refused to enter an order fixing the amount of the supersedeas bond, and that no such condition existed in the case before us. The relators further contend that the holding above quoted was mere dicta in the McClendon case. It is true that the facts of the two cases are not parallel but we cannot agree with the relators that the rule of law announced in the McClendon case was mere dicta. In that case the Supreme Court cites with approval the case of Lingwiler et al. v. Anderson, 270 S.W. 1052, which decision of the court of civil appeals at Dallas was prior to the 1925 revision of article 2270. The Lingwiler v. Anderson case held that a supersedeas bond filed in lieu of a cost bond must be filed within the time for per-

**514**

fecting an appeal but that a supersedeas bond filed after the lapse of time for perfecting an appeal, but in addition to a cost bond filed within such time, was sufficient to suspend the execution of the judgment. Since the McClendon case was decided in 1933 we would be unwarranted in assuming that the Supreme Court in such case was unmindful of the 1925 revision of article 2270. Moreover, independent of the McClendon case, we think the only reasonable construction that could be placed upon articles 2270 and 2275, in their present condition, would be one in complete harmony with the holding in the Lingwiler v. Anderson case. 3 C.J. 1299, para. 1426; 4 C.J.S., Appeal and Error, page 1133, § 645; 3 Tex.Jur. 384, para. 273; Allen et al. v. Kitchen et al., Tex. Civ.App., 156 S.W. 331.

The mandamus is denied.