**CAMP et al. v. ATLANTIC REFINING CO. et al.**

No. 6095.

Court of Civil Appeals of Texas. Texarkana.
Feb. 26, 1944.

Rehearing Denied March 9, 1944.

A. B. Curtis, of Fort Worth, Marion S. Church, of Dallas, and A. L. Camp, of Fort Worth, for appellants.

Bromberg, Leftwich, Gowan & Schmucker and Chas. B. Ellard, all of Dallas, and Thompson, Walker, Smith & Shannon, of Fort Worth, for appellees.

WILLIAMS, Justice.

A permit granted by the Railroad Commission of Texas under an exception to rule 37 to drill the oil well here involved on a 16/100-acre tract in the Henry Hathaway Survey, Gregg County, was on appeal invalidated. See Atlantic Refining Co. v. Buckley, Tex.Civ.App., 123 S.W.2d 413. During pendency of above appeal, Cliff Camp and C. Orm, composing the copartnership of Cliff Camp Drilling Company, John T. Buckley and others, owners of the mineral leasehold estate, drilled the well into production. Thereafter, on or about July 1, 1939, a new permit because of alleged changed conditions was granted above parties by the Commission. Although this second application so made and granted was to drill said well, it was in fact an application to reopen and produce the well theretofore drilled.

The Atlantic Refining Company and Kewanee Oil Company being unsuccessful in their contest to the second application before the Railroad Commission, appealed therefrom and instituted suit No. 62106 in the District Court of Travis County. On March 16, 1940, that court entered a final judgment in which the permit granted on July 1, 1939, was cancelled and said leaseholders were enjoined from producing oil from the well and the clerk was directed to issue a writ of injunction accordingly. On an appeal, the decree entered by the Travis County District Court was reversed and the action of the Railroad Commission in granting the second permit was sustained. See Buckley v. Atlantic Refining Co., Tex.Civ.App., 146 S.W.2d 1082. The above leaseholders suspended producing oil from the well for the period from April 10, 1940, the date of service of above writ of injunction upon them, until April 10, 1941, the date of the final disposition of the appeal from the Travis County District Court judgment.

In the instant suit some of the leaseholders of the .16-acre tract, hereafter referred to as appellants, seek to recover from the Atlantic Refining Company and Kewanee Oil Company, hereafter referred

to as the appellees, their pro rata damages allegedly resulting from the shut down of the well from April 10, 1940, to April 10, 1941, by reason of alleged wrongful acts of appellees in causing the issuance and service of the writ of permanent injunction.

In the suit No. 62106, appellees sought not only to invalidate the second permit; but also to protect their adjacent leaseholds from drainage and to enjoin the operators of the well from producing oil. With respect to the operation of the well, appellees prayed, "That upon final trial hereof the action of defendant Railroad Commission in granting the permit * * * be declared to be arbitrary * * * void * * * and be ordered cancelled; that, with the exception of the Railroad Commission, all defendants * * * be enjoined from drilling a well pursuant to said permit * * * and if upon final trial * * * it should appear that said well has been drilled * * * that the defendants * * * be enjoined from producing any oil from said well; * * * further if upon final trial hereof it should appear that said well has been drilled, that a mandatory writ of injunction issue requiring all defendants (the operators) to plug said well in accordance with the rules of the Railroad Commission."

After trial of suit No. 62106, in which all litigants with their attorneys appeared and announced ready for trial, the court decreed, as recited in the judgment: (1) That the two orders or permits "be and the same are hereby cancelled"; (2) that defendants Cliff Camp, C. Orm, John T. Buckley and others (operators of well) "be and they are hereby enjoined from producing any oil from the well * * * pursuant to said * * * permits granted said defendants by the Railroad Commission * * * and that the clerk of this court is directed to issue a writ of injunction so enjoining them"; (3) that the named defendants "do plug the well * * * and the clerk of this court is directed to issue a mandatory writ of injunction so providing"; and (4) that the order to plug the well * * * "be and the same is hereby stayed pending an appeal of this cause." To the judgment so rendered on March 16, 1940, the operators of the well and the Railroad Commission of Texas, each then and there in open court excepted and gave notice of appeal. The defendants in cause No. 62106 (op-

erators) either in person or by their attorneys were present in court when above judgment was rendered; and also were present on the same date when the court announced that he fixed the amount of supersedeas bond to be filed in said cause by any defendant desiring to supersede the judgment at the sum of $5000. Thereafter, by order made April 13, 1940, on motion of Cliff Camp, C. Orm and Ray Hopper, the amount of supersedeas bond to be given by any defendant desiring to supersede the judgment requiring the well to be shut down was reduced and fixed at the sum of $2000. The operators of the well filed on April 17, 1940, an ordinary appeal bond. No defendant in cause No. 62106 filed any supersedeas bond in the trial or appellate courts. The term of the Travis County District Court in which the judgment was rendered expired March 30, 1940.

Defendants in said cause No. 62106, other than the Railroad Commission, continued to produce oil from the well after the rendition of the judgment, and were daily so producing oil on or about April 8, 1940, when Atlantic and Kewanee, through their attorneys of record, called the attention of the clerk to the provisions of the judgment enjoining production of oil, and to the provisions of said judgment directing the clerk to issue a writ of injunction so enjoining production, and requested the clerk to issue the writ of injunction which the said judgment had theretofore directed him to issue. On April 9, 1940, such writ of injunction was issued and served.

Upon trial in the instant suit, the court denied recovery for damages grounded upon the court's findings that "neither the Atlantic Refining Company nor Kewanee Oil Company were guilty of malicious prosecution, abuse of judicial process or trespass in connection with the issuance of the writ of injunction enjoining production from the well in question * * * or in connection with the making, rendition and entry of the judgment ordering and providing for such injunction."

The action of the trial court which denied appellants a recovery for the damages sued for is sustained. It was agreed to and stipulated by litigants in the trial that there was not such want of probable cause in instituting and prosecuting said cause No. 62106 as would support an action against appellees for malicious prosecution. It is without controversy

that neither of the appellees sought or obtained any interlocutory or temporary injunction enjoining production of oil from the well, and that the only injunction with respect to producing oil was allowed in the final decree entered as a part of the relief awarded after a trial of the cause upon its merits. No injunction bond or stipulation by appellees to pay damages consequent upon a dissolution of the injunction was executed in cause No. 62106.

"It is established by the weight of authority that in the absence of elements of an action for malicious prosecution no action will lie by the defendant in an injunction suit, independently of a bond or undertaking, for damages for the wrongful suing out of the injunction." 28 Am.Jur. p. 510, and authorities there collated; City of St. Louis v. St. Louis Gaslight Co., 82 Mo. 349; 2d High on Injunctions, 4th Ed., pp. 1607, 1608; Tenth Ward Road District v. Texas & P. R. Co., 5 Cir., 12 F.2d 245, 45 A.L.R. 1513, and authorities from various states cited on page 1518. The court in City of St. Louis v. St. Louis Gaslight Co., supra, in discussing above rule, said: "Such exemption of the plaintiff from damages, in the absence of any terms or conditions accepted by him to pay them, rests upon the broad policy of the law which regards the courts open at all times to all persons for the enforcement of their rights by civil action. Suitors are presumably acting in accordance with law when they obtain in the courts what the courts award them, and should not be punished for accepting what they could not obtain except by such orders and judgments." "Such damages were regarded as flowing from the judgment and order of the court, and not from the plaintiff, if he did nothing more than to sue in good faith for the process awarded [to] him." City of St. Louis v. St. Louis Gaslight Co., supra; Greenwood County v. Duke Power Co., 4 Cir., 107 F.2d 484, 487, 131 A.L.R. 870; 1 C.J.S., Actions § 15, pp. 1008, 1009. In James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960, it is stated that: "Where a temporary injunction is granted, it is required under the statute that a bond be given to protect the opposite party from resultant damages, but where the same is granted on a final hearing, no bond is necessary, as the judgment of the court affords complete protection."

In support of their contentions that the Texas courts hold contrary to the authorities above cited, appellants cite Southern Properties v. Carpenter, Tex.Civ.App., 50 S.W.2d 876, 877; Johnson v. McMahan, Tex.Civ.App., 40 S.W.2d 920, writ dismissed; and Miller Surfacing Co. v. Bridgers, Tex.Civ.App., 269 S.W. 838, 840. In the cases cited, a temporary writ of injunction was sought and granted and an injunction bond was filed in each case. Liability for damages in each case was predicated upon the provisions of Article 4649, R.C.S. of 1925, Texas. In each case the plaintiff executed a bond or "undertaking" in which, in compliance with Article 4649, supra, the plaintiff covenanted "that he will pay all sums of money and costs * * * that may be adjudged against him if the injunction be dissolved in whole or in part." A recovery for damages allowed in Mathes v. Williams, Tex. Civ.App., 134 S.W.2d 853, 857, cited by appellants, was predicated upon a writ of sequestration bond, Article 6843, R.C.S. of 1925. These decisions cited therefore cannot be regarded as altering the general rule of law first herein cited which obtains in cases where the statute is not applicable.

Appellants assert that by reason of the exception to the judgment and notice of appeal therefrom in cause No. 62106 by the Railroad Commission, such action by virtue of the provisions of Rule 353, Texas Rules of Civil Procedure, and Article 2276, Vernon's Ann.Civ.St., served the same purpose as a supersedeas bond under subdivisions (a) and (e), Rule 364, Texas Rules of Civil Procedure, and suspended the judgment and jurisdiction of the trial court to take any further action. And under this theory, appellants contend that when appellees caused the district clerk to issue the writ of injunction, the latter became liable in damages because of a trespass, an abuse of judicial process. As owners of the well and leasehold, appellants all had an individual and personal interest in the litigation involved, which was wholly distinct from any interest of the Railroad Commission. The provision of the judgment which enjoined appellants from producing oil was directed solely and alone against the owners of the well, and not against the Railroad Commission. We are of the opinion that appellants had such an interest in the well and in their alleged right to produce oil therefrom, separate and apart from any interest which the Railroad Commission or the public generally might have, which would require appellants to file a supersedeas bond under

the provisions of Rule 364, supra, if they desired to stay the judgment. 4 C.J.S., Appeal and Error, p. 975, § 513; Duggan v. Noell, 30 Tex. 451, 452; Lynch v. Bernhardt, Tex.Civ.App., 201 S.W. 1051; Magnolia Pet. Co. v. McClendon, 123 Tex. 10, 65 S.W.2d 484.

The judgment of the trial court is affirmed.