**CITY OF HOUSTON v. KUNZE et al.**

No. 15432.

Court of Civil Appeals of Texas Fort Worth.

March 6, 1953.

See also, 258 S.W.2d 226.

Will Sears, City Atty., R. H. Burks, Joseph C. Johnson, and Jack W. Mills, Assts. City Atty., all of Houston, for appellant.

Knipp & Broady, of Houston, for appellee E. Huber.

BOYD, Justice.

This is an application by the City of Houston for a temporary injunction to enjoin the respondent E. Huber from prosecuting a suit in trespass to try title in the 127th District Court of Harris County as against the City of Houston and others until this Court has finally determined an appeal from an order of the County Court at Law of Harris County denying a temporary injunction, with an alternative prayer for writ of prohibition directed to the Judge of said District Court.

It is alleged that the City of Houston, on May 19, 1949, instituted condemnation proceedings to acquire part of the land involved in the trespass to try title suit; commissioners were appointed and on August 12, 1949, filed their award; some of the defendants, other than respondent, filed objections to the award and the cause is now pending in the County Court at Law; the city deposited the requisite amount and went into possession of the premises. The suit has not been tried in the County Court at Law.

The city, all the defendants in the condemnation suit other than respondent, and others are defendants in the District Court suit.

The city filed an application in the County Court at Law for a temporary injunction to enjoin respondent from prosecuting the District Court suit as against the city during the pendency of the condemnation proceedings. The application was denied, and the city perfected its appeal to the Court of Civil Appeals for the First District, and upon transfer of causes the Supreme Court transferred this cause to this Court. The appeal from the order of the County Court at Law denying the injunction is set for submission in this Court on April 9. The issue now before us for determination is whether we should enjoin respondent from prosecuting the District Court suit as against the city until the appeal from the order of the County Court at Law denying the temporary injunction is disposed of.

We do not discuss the contention of respondent that he was not served with any process, had no notice of the hearing before the Commissioners, did not appear, was not represented by counsel, and therefore was not and is not a party to the condemnation suit, all of which was sworn to by respondent in his answer to the application for temporary injunction in this court, since we believe that our appellate jurisdiction is not involved in this proceeding; and the application is denied for that reason on au-

thority of the following cases: Texas Electric & Ice Co. v. City of Vernon, Tex. Civ.App., 254 S.W. 503; Taylor v. American Trust & Savings Bank, Tex.Civ.App., 265 S.W. 727; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 271; Ellis v. Harrison, 24 Tex. Civ.App. 13, 56 S.W. 592; Tipton v. Railway Postal Clerks' Inv. Ass'n, Tex.Civ. App., 170 S.W. 113.

