CITY OF LUBBOCK, Appellant,

v.

Roger Q. STUBBS, Appellee.

No. 6428.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 4, 1954.

See also 278 S.W.2d 519.

---

Vaughn E. Wilson, City Atty., and Clyde A. Mote, Asst. City Atty., Lubbock, for appellant.

Campbell & Brock, Lubbock, for appellee.

MARTIN, Justice.

Appellant, City of Lubbock, as plaintiff in the trial court sought a permanent injunction restraining appellee, Roger Q. Stubbs, defendant in the trial court, from violating a zoning ordinance and building code. The issue here involves only the jurisdiction of the Court of Civil Appeals to issue a temporary injunction as requested by appellant. The merits of the case are not involved in this action.

■ As revealed by the fiat on the petition of the appellant, the trial court issued a "temporary restraining order, operative until and pending the hearing below ordered, restraining and enjoining Roger Q. Stubbs, defendant, from constructing structures on, or preparing for use and occupancy the premises at 3510 Avenue P, * * * without a building permit or continuing to construct any structure on said premises and restraining and enjoining defendant from using or occupying or permitting the use and occupancy of any of such premises as a tourist court and/or trailer court or for rental property of any type or nature in any structure constructed in violation of the ordinances provided." On the 26th day of October, 1953, the court entered an order that the temporary restraining order heretofore ordered issued by this court on the 5th day of September, 1953 at 12:00 noon be and the same is hereby continued in full force and effect until final hearing. Although designated as a temporary restraining order the same was in fact a temporary injunction under the following authorities. The trial court recognized this in entering final judgment in the cause. Alpha Petroleum Co. v. Terrell, Tex.Com.App., 122 Tex. 257, 59 S.W.2d 364, Syl. 1; Richardson v. Martin, Tex.Civ.App., 127 S.W.2d 247, Syl. 1 (Writ Refused); Cobb v. Dallas Joint Stock Land Bank, Tex.Civ.App., 129 S.W. 2d 487; and Murray v. Murray, Tex.Civ. App., 224 S.W.2d 350, Syl. 3.

On the 4th day of February, 1954, the following final judgment was entered by the trial court: "It is therefore ordered, adjudged and decreed by the court that plaintiff, City of Lubbock, take nothing by virtue of this action, that any and all relief prayed for by the plaintiff be and is in all things denied and all costs of this proceeding are taxed against such plaintiff. Any and all temporary injunctions and/or restraining orders heretofore issued by this court in this cause are hereby dissolved and held for naught."

■ Under Art. 1174, Vernon's Texas Civil Statutes, the City of Lubbock was authorized to appeal from the above judgment without filing either a supersedeas bond or a cost bond. From an examination of the record, apparently no request was made of the trial court to supersede the above judgment during the appeal nor was the trial court asked to continue the temporary injunction in force pending appeal. At least, no requests of this nature are revealed by the record. After an appeal was perfected to this court, the appellant sought the issuance of a temporary injunction out of this court as an original proceeding to restrain Stubbs from further violating the provisions of the building code pending the appeal.

■ The Court of Civil Appeals is without jurisdiction to issue the injunction as sought in this original proceeding. The refusal of the injunction is warranted under the following principles of law. Art. 1823, Vernon's Texas Civil Statutes, as to

the jurisdiction of the Courts of Civil Appeals provides: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." The language of the statute makes no provision for "maintaining status quo" but provides for the enforcement of the jurisdiction of the court. The jurisdiction of the Court of Civil Appeals is not involved in the proceeding here in issue. " * * * our appellate jurisdiction is not involved in this proceeding; and the applicaton is denied for that reason * * *." City of Houston v. Kunze, Tex.Civ.App., 258 S.W.2d 225. The same principle is clearly enunciated by the Supreme Court in Texas Employers Ins. Ass'n v. Kirby, 137 Tex. 106, 152 S.W. 2d 1073. Also see Shelton v. City of Abilene, Tex.Civ.App., 75 S.W.2d 934, Syl. 6, 7.

A second principle of law would require the denial of the injunction as an original proceeding in this court as appellant did not exhaust its legal remedies in the trial court. "So, also, the trial judge may, in order that the injunction may be in force pending appeal, continue a temporary injunction in force when he dissolves it and makes a final decree." 24 Tex.Jur., Section 243, Pages 300–301; Art. 4662, Vernon's Texas Civil Statutes; Dallas Land & Loan Co. v. Garrett, Tex.Civ.App., 276 S.W. 471, Syl. 1; Bass v. City of Clifton, Tex.Civ.App., 297 S.W. 872, Syl. 1; Beard v. Smith (Rayburn v. Same), Tex. Civ.App., 85 S.W.2d 843, Syl. 2, 3.

A third principle of law supports a denial of the injunction. Appellant had the right of appeal from the judgment dissolving the temporary injunction and the further right to supersede that judgment of the trial court without the necessity of a supersedeas bond. Appellant, by perfecting its appeal in due time, could have requested the trial court to supersede the judgment dissolving the temporary injunction. "If appellants desire to suspend the judgment pending appeal they should proceed under the rule 364, Sec. (e), Texas Rules of Civil Procedure, and not by way of injunction." Cashion v. Cashion, Tex. Civ.App., 239 S.W.2d 742, 743 [1]; Glenn v. Hollums, Tex.Civ.App., 73 S.W.2d 1068, Syl. 4; Camp v. Atlantic Refining Co., Tex.Civ.App., 179 S.W.2d 326, Syl. 3 (Writ Refused); Heath v. Elliston, Tex.Civ.App., 135 S.W.2d 512.

Appellant's application for issuance of an injunction by this court is refused.

PITTS, Chief Justice (dissenting).

I am unable to share the views of my Associates on the Court in the disposition made of this original action seeking relief pending appeal of the original case. This original proceeding was filed by the City of Lubbock seeking to halt further construction work by Roger Q. Stubbs on a building program within the city limits of Lubbock, pending an appeal to this Court from an adverse judgment rendered in the trial court involving the issue of injunctive relief sought by the city to compel compliance with the Lubbock city building code enacted by a city zoning ordinance. A hearing after notice was had in this Court on September 20, 1954, without Stubbs appearing or answering the city's verified pleadings, other than to challenge the jurisdiction of this Court to hear and grant the relief sought and seeking a dismissal of the proceedings.

No appeal bond being required of the city, it was not necessary for it to file a supersedeas bond in order to supersede the order of the trial court. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638. But an affidavit was filed by a city employee in this Court in support of the city's verified pleadings, prior to the hearing held by this Court, charging that Stubbs was continuing his construction work in violation of the city's building code and thus was changing the matters in issue heard by the trial court while such are still on appeal to this Court.

It is the writer's opinion that Article 1823, V.A.C.S., as often construed by the Courts of Texas, gives this Court jurisdiction over the subject matter. Without ex-

pressing an opinion on the merits of the principal action pending here on appeal, it is the further opinion of the writer that it is the duty of this Court to grant the relief sought by the City of Lubbock only to halt Roger Q. Stubbs, his agents and employees from further construction work on the premises in question, by injunctive relief, and thus preserve the status of controversial matters pending on appeal in this Court until the same have been determined. Antner v. State, Tex.Civ.App., 114 S.W.2d 640; Leonard v. Small, Tex. Civ.App., 28 S.W.2d 826; Bird v. Alexander, Tex.Civ.App., 288 S.W. 606.