**Roger Q. STUBBS, Appellant,**

v.

**CITY OF LUBBOCK, Appellee.**

No. 6825.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 19, 1959.

Rehearing Denied Feb. 16, 1959.

Campbell & Brock, Lubbock, for appellant.

Vaughn E. Wilson, City Atty., and Fred O. Senter, Jr., Asst. City Atty., Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit brought by the City of Lubbock, as plaintiff, against Roger Q. Stubbs, as defendant, in which the plaintiff prayed as follows:

"Plaintiff prays that Defendant be temporarily restrained and enjoined, pending a hearing hereon and that on hearing he be temporarily enjoined from further additional use of the property, premises and area lying between 35th Street and 36th Street and Avenue 'P' and Paris Avenue, extended, within the boundaries of the City of Lubbock, as a trailer coach park or mobile home residence area or to use same or to permit to be used for the purpose of parking, storing or standing any trailer coach or mobile trailer house of any type, character or construction, or permitting such property, premises and area to be used for this purpose and from further renting, giving or granting of any portion of said

area to be used to park, store or stand any trailer coach or mobile trailer house by any other person and that on final hearing hereof said injunction be made perpetual and further that Defendant be compelled to remove or cause to be removed any trailer coach or mobile house remaining within said area as described and that it have judgment for general relief and costs of suit."

The defendant answered contending the matters here in question had been previously determined in Cause No. 22779 in the 72nd District Court of Lubbock County, Texas, and said cause was affirmed by this Court in the case of City of Lubbock v. Stubbs, Tex.Civ.App., 278 S.W.2d 519; further contending that the greater portion of the property immediately surrounding the property in question was used for some kind of business property and was not zoned as residential property as the property here in question was zoned, and that the ordinance zoning this property as residential property was arbitrary, unreasonable and confiscatory, and that the property was being used as it was used prior to the enactment of the ordinance in question.

This is the third time these same parties and the property here involved have been before this court. The first disposition made of the case was in the case City of Lubbock v. Stubbs, Tex.Civ.App., 278 S.W.2d 516, 517, where it is stated:

"Appellant, City of Lubbock, as plaintiff in the trial court sought a permanent injunction restraining appellee, Roger Q. Stubbs, defendant in the trial court, from violating a zoning ordinance and building code. The issue here involves only the jurisdiction of the Court of Civil Appeals to issue a temporary injunction as requested by appellant. The merits of the case are not involved in this action.

"As revealed by the fiat on the petition of the appellant, the trial court issued a 'temporary restraining order,

operative until and pending the hearing below ordered, restraining and enjoining Roger Q. Stubbs, defendant, from constructing structures on, or preparing for use and occupancy the premises at 3510 Avenue P, * * * without a building permit or continuing to construct any structure on said premises and restraining and enjoining defendant from using or occupying or permitting the use and occupancy of any of such premises as a tourist court and/or trailer court or for rental property of any type or nature in any structure constructed in violation of the ordinances provided.' On the 26th day of October, 1953, the court entered an order that the temporary restraining order heretofore ordered issued by this court on the 5th day of September, 1953 at 12:00 noon be and the same is hereby continued in full force and effect until final hearing. Although designated as a temporary restraining order the same was in fact a temporary injunction under the following authorities. The trial court recognized this in entering final judgment in the cause. Alpha Petroleum Co. v. Terrell, Tex.Com.App., 122 Tex. 257, 59 S.W.2d 364, Syl. 1; Richardson v. Martin, Tex.Civ.App., 127 S.W.2d 247, Syl. 1 (Writ Refused); Cobb v. Dallas Joint Stock Land Bank, Tex.Civ.App., 129 S.W.2d 487; and Murray v. Murray, Tex.Civ.App., 224 S.W.2d 350, Syl. 3.

"On the 4th day of February, 1954, the following final judgment was entered by the trial court: 'It is therefore ordered, adjudged and decreed by the court that plaintiff, City of Lubbock, take nothing by virtue of this action, that any and all relief prayed for by the plaintiff be and is in all things denied and all costs of this proceeding are taxed against such plaintiff. Any and all temporary injunctions and/or restraining orders heretofore issued by this court in this cause are hereby dissolved and held for naught.' "

The injunction there sought was denied and writ was refused by the Supreme Court NRE. At that time the main case was on appeal to this Court and fourteen days later this Court in the case of City of Lubbock v. Stubbs, Tex.Civ.App., 278 S.W.2d 519, 524, affirmed the judgment of the trial court and held:

"We approve the holding of the trial court that the zoning of defendant's property as was done was an arbitrary and unreasonable exercise of the zoning powers. All of appellant's points of error are overruled. Judgment of the trial court is affirmed."

No writ of error was applied for in that case and we think settled the law of this particular case.

In this last mentioned case the trial court filed its conclusions of law as follows:

"I conclude that the alleged zoning of defendant's property was an arbitrary exercise of the zoning power to restrict its use to residence purposes and for purposes for which said property cannot be reasonably used. The evidence showed beyond a reasonable doubt such condition.

"II.

"I further conclude that defendant's property was actually within a business district and that the evidence so further showed it beyond a reasonable doubt, and that such zoning of his property in an 'A' zone is unreasonable and its application to his property is therefore void when applied to defendant's property in the use he was making thereof.

"III.

"I further conclude that the City's failure and refusal to rezone said property and to permit the use thereof to continue as it was so being used shows no equity in favor of the City for an injunction against the defendant for using and improving his property as he was so using same."

We are of the opinion that the matters here involved are practically the same as that involved in the case cited at Tex.Civ. App., 278 S.W.2d 519 and that case adjudicated all matters here in controversy. The trial court in Cause No. 22779, and affirmed by this court, held that the zoning of the property in question for residential purposes was void, and this action here seeks to have this property declared as residential property.

We are of the opinion and so hold that the matters here involved have been adjudicated, and that this case should be reversed and rendered. Judgment of the trial court is reversed and judgment rendered dissolving the temporary injunction and directing the trial court to dismiss the case.